CORNELIUS SWEETSER *et al.*, appellants, *vs.* ENOCH H. MCKENNEY.

York, 1874.—August 6, 1875.

*Forcible entry and detainer. Landlord and tenant. Estoppel. Trial.*

One cannot maintain the process of forcible entry and detainer against a party who holds his written agreement leasing the tenement to such party "for five years and as much longer as he desires" at a certain rate per annum, if such party performs all that is required of him by the terms of the lease, although the original five years have long since elapsed, and the plaintiff has given his tenant notice to quit.

As between the parties to such a lease, the right of occupation by the lessee, so long as he fulfils its condition, is not liable to be defeated at the option of the lessor.

The lessor is estopped by the receipt of the rent and by his own written agreement from asserting that the lessee's possession is unlawful.

Where the defendant in a process of forcible entry and detainer asserts no right in the premises except by virtue of a contract with the complainant, he is not liable to be defaulted in the appellate court for want of the recognizance called for by R. S., c. 94, § 6, when the case has been tried in the court below and judgment rendered in his favor there.

ON EXCEPTIONS.

COMPLAINT for forcible entry and detainer, inserted in a writ of attachment dated January 13, 1873, appealed from the municipal court of Biddeford.

The presiding justice, after the evidence was out, ruled that the defendant's lease, (the tenor of which is stated in the opinion,) gave him a right to remain in possession so long as he complied with its terms, whether the plaintiffs were owners or lessees of the land on which the building was erected, and notwithstanding the plaintiffs' notice to quit. If the ruling was correct, judgment to be entered for the defendant; if erroneous, the case to stand for trial.

*J. M. Goodwin & W. F. Lunt,* for the plaintiffs.

*R. P. Tapley,* for the defendant.

BARROWS, J.   The plaintiffs bring this process of forcible entry and detainer against the defendant to get possession of a tenement which he claims to hold by virtue of an agreement or lease from them signed by both parties at Biddeford, January 11, 1861, under which he has been in possession since its date, and which is of the following tenor :

"George H. Adams, Cornelius Sweetser and E. H. McKenney agree as follows :

Adams and Sweetser agree to lease to E. H. McKenney the room formerly occupied by the municipal court together with the whole attic in Washington block, Liberty street, for five years and as much longer as he desires, provided the land upon which said block stands is bought or leased for a longer time, at the rate of $50 per year commencing with January 1, 1861.  Said E. H. McKenney shall also have the privilege of making any alterations and improvement he desires, and of removing all his glass in sky-light and other fixtures upon leaving, provided he shall deliver up the premises in as good condition as he finds them."

The plaintiffs built the building about 1853 upon land which they at first leased, and for which they paid rent until November, 1872, when they bought the land and since then have been the owners of the fee in the premises.   November 9, 1872, they gave the defendant written notice that his tenancy in the rooms occupied by him would cease January 1, 1873, and therein requested him to quit and deliver up possession accordingly. He refusing, they brought this process, and the question is whether upon this state of facts the defendant had a right by virtue of the foregoing agreement to remain in possession so long as he complied with its terms, notwithstanding the plaintiffs' notice to quit.

The plaintiffs insist that the instrument relied on by the defendant could be operative as a lease for five years only—that it is void for any longer period because of its uncertainty and for

want of proof that at the expiration of the five years the plaintiffs had either become the owners of the land or leased it for a longer definite time, and for want of notice from defendant to plaintiff of his election to renew the lease for any further fixed time.

As between these parties presenting themselves in their present attitude and under existing circumstances as to title and occupation, perhaps it may not be necessary to determine whether the positions thus taken by the plaintiffs are or are not technically correct.

We think that in any view which could be taken these plaintiffs are estopped by their agreement from maintaining this process to oust the defendant from the possession which they gave him so long as he lives up to that agreement and desires to remain.

We feel bound to give effect to the written agreement of the parties according to its tenor and intent. The stipulation that he was to have the rooms "as much longer as he desires" was part of the consideration for which he took a lease and paid the $50 annual rent for five years. All the conditions being performed on his part, the plaintiffs might as well ask to be relieved from fulfilling the stipulation that he should be permitted to remove his sky-light and fixtures.

The plaintiffs are precluded by their own written agreement from asserting that the defendant unlawfully refuses to quit the premises, for they have received during the five years of the original term and up to the time of the commencement of these proceedings a certain sum annually which the defendant paid in part in consideration of their written promise here produced that he might occupy the premises not only during those five years, but as much longer as he desired, paying the same rent.

The plaintiffs cannot be permitted to ignore the promise upon the faith of which the defendant has acted, and by means of which they secured a tenant for the original term. The whole of the contract between the parties is to be regarded. It has been executed in part, and seeing nothing illegal in its terms the court will not aid one party to break it, while it is performed by the other.

In *Horner* v. *Leeds*, 1 Dutcher, 106, by the instrument under consideration certain premises were "demised, granted and to farm

let" for the manufacture of salt "for any term of years the said (lessee) may think proper from date." Hereupon the court say "literally this means that the demise is for a term of years only but that term is during (the lessee's) pleasure."

They do not therefore treat the instrument as nugatory, but turning their attention to the construction of it as a whole, and finding that the return for the land was to be in substance the dividends upon two shares in the salt works valued at $50 each constituting a portion of the profits of the contemplated business and that the assignee of the lessee had abandoned the works, they held that the lease was thereby determined.

Thus they gave full force and effect to the agreement of the parties, holding that the character of the rent implied a stipulation to continue the business and modified the effect of the phrase "during the lessee's pleasure."

In *Hurd* v. *Cushing*, 7 Pick., 169, a lease for an indefinite period of time and so long as the salt works then intended to be erected should continue to be used, seems to have been construed as a lease for the life of the lessee determinable by his ceasing to occupy the salt works.

And in *Cook* v. *Bisbee*, 18 Pick., 527, a lease was made of the land "on which Kingston furnace (so called) now stands" with land and water privileges appurtenant to one R. for "the sum of ten dollars a year (so long as he shall keep the said furnace and buildings on said land,) in full for the rent of the premises." The furnace had not been put in blast for some years ; portions of it had been removed, and one of the buildings had been converted into an auger shop when the heirs of the lessor gave the assignees of the lessee notice to quit though the rent had been regularly paid and tendered.

The court say that the lease though inartificially drawn "must be construed most in favor of the lessee when the words are doubtful" and they held that in the absence of evidence affirmatively proving an abandonment, the tenants might take their own reasonable time to rebuild the furnace and that the lease was not terminated.

And in *Effinger* v. *Lewis*, 32 Penn., 367, the court recognize

the principle that parties may contract for an estate in land by lease determinable only at the will of the lessee. In the cases which we have quoted the leases seem to have been under seal ; but under our statutes a seal does not seem to be essential to their validity as between the parties to them, provided they are in writing, and signed by the maker or his attorney. R. S., c. 73, § 10. We are not called upon to determine here what might be necessary to make one effectual against any person except the lessor, his heirs, devisees and persons having actual notice thereof.

The plaintiffs seem to have had from the outset such an interest in and control of the land on which the buildings stood as to enable them to make good their contract with the defendant and never seem to have thought of questioning his right to the possession under it until they had become practically the owners of it. We see no way in which they can maintain their claim to the possession of the tenement as against him upon the testimony here presented.

The plaintiffs do not rely in argument upon the exceptions filed at the May term, 1873, to the overruling of their motion to the presiding judge to order a default for want of the recognizance on the part of the defendant which they claim is called for by c. 94, § 6.

Such claim cannot be sustained in this case. The case was not removed as contemplated in that section but tried in the court below,—judgment rendered for defendant and the case brought hither by plaintiffs on appeal claimed.

Whether that course were proper or not, no such result as the plaintiffs claim, could follow in the appellate court.

But we do not think § 6 is applicable in any way to a case where the defendant claims to hold under a contract with the plaintiffs themselves, but only when by his brief statement he asserts title in himself or in some third party under whom he claims.

Why these exceptions should have been printed with the case when the plaintiffs make no point upon them does not appear.

Upon our view of the whole case the entry must be

*Exceptions overruled.*
*Judgment for defendant.*

APPLETON, C. J., WALTON, DICKERSON, VIRGIN and PETERS, JJ., concurred.