THE BALTIMORE AND OHIO R. R. CO. *vs.* WILLIAM SKEELS.

August Term, 1869.

1. If secondary evidence is introduced, without objection, in the court below, an objection to it, in the appellate court, will not be considered.

2. Where a party declares upon a special contract, and the contract proved is essentially variant from the one declared on, he cannot recover, upon the well settled principle that the allegations and proof must correspond.

3. Common carriers may restrict their common law liabilities by special contract.

4. It is competent for the court to instruct the jury, that, if from the evidence before them, they believe certain facts are proved. that then certain legal consequences must follow, and that the law as applicable to the facts so established is for the plaintiff or defendant, and that they must find accordingly.

5. If an instruction, containing a supposed case which the evidence tends to prove, asked for by the defendant below, propounds the law correctly, and the court refuses to give it, the verdict of the jury for the plaintiff, although sustained by the evidence, ought to be reversed, because of the refusal to give such instruction.

The declaration in this case was filed at July rules, 1860. It was in an action of trespass on the case, against the defendant as a common carrier, alleging that through the negligence and improvidence of its servants and agents, certain sheep which the defendant had undertaken by contract to transport and deliver in safety and good condition for the plaintiff, from the city of Wheeling to Philadelphia, for the sum of 160 dollars, were lost to the plaintiff, to the value of 1,000 dollars. The defendant pleaded non assumpsit and issue was joined. The jury found a verdict for the plain-

---

* He had been counsel for the plaintiff in error below.

tiff for 694 dollars and 42 cents, on which the court rendered judgment, at the May term, 1868, of the circuit court of Ohio county.

Before the jury retired the defendant moved the court to give it certain instructions, which the court refused, and it excepted, and the court certified the evidence. The instructions are given in the opinion of the judge here.

The substance of the evidence is also given in the opinion here.

The defendant obtained a supersedeas to this court, alleging for error the refusal of the court to give the instructions asked, claiming that it was pertinent to the evidence given, and if the fact to which the instruction referred was found by the jury to be true, the plaintiff could not lawfully recover upon any facts proved in the case, and certainly not upon the contract set forth in the declaration.

*Lamb* and *Lee* for the plaintiff in error.

*Wheat* and *Stanton & Allison* for defendant in error.

BERKSHIRE, J. The only question we are required to consider in this case is the ruling of the circuit court on the instructions asked for by the plaintiff in error.

The action is trespass on the case against the plaintiff in error as a common carrier. The declaration sets out a contract with the plaintiff in error, by which it agreed to transport and carry over its road a certain number of sheep for the defendant in error, at a certain stipulated price, from the city of Wheeling to the city of Philadelphia, and to carry them safely and to deliver them in good order and condition at the latter place; and it is averred that owing to the negligence and improvident management on the part of the plaintiff in error, and its servants and agents, a certain number of the plaintiff's sheep were killed and others badly wounded and injured. The plaintiff in error pleaded "non assumpsit," and it was agreed by the parties that under this general issue any matter might be given in evidence by the plaintiff in error that could be specially pleaded or replied.

The defendant in error offered no evidence but his own in support of his claim.    He proved the cars upon which the sheep were being carried ran off the track of the road and over a bank at a bridge and switch in Berkeley county, by which casualty 87 of his sheep were killed and a number more badly wounded and injured.    The plaintiff in error then introduced as a witness John Christy, who was the agent of the company and present at the time the sheep were shipped, and attended to loading them on the cars. His testimony proved or tended to prove that the defendant in error signed a release to the company at the time of and as a part of the contract of shipment, by which he released the company from all liability on account of the transportation of the sheep, except such as might arise from the gross negligence and default of the agents and officers of the company in the discharge of their duties, and he also stated that he did not know where said paper then was.

The plaintiff in error also introduced other witnesses connected with the company, who proved that inquiry had been made of the officers and at the proper offices of the company where the releases taken by it from shippers over said road and like papers were usually kept, and that it could not be found as they were informed; and it does not appear that any objection was made on the trial to the testimony so introduced by the plaintiff in error.

After the testimony was closed the plaintiff in error asked the court to instruct the jury that "if they believed, from the evidence, that the contract to carry safely, alleged in the plaintiff's declaration was subject to the condition that the defendant should not be liable for damages or injury to the live stock, mentioned in the declaration, whilst in the cars of the defendant, or for delay in the carriage of said stock, or escape thereof from the cars, except such as might arise from the gross negligence of the agents or officers of the defendant, acting in the discharge of their duties, then they should find for the defendant on the issue found in this suit."

The court refused to give the instruction and the plaintiff

in error excepted and incorporated in its bill of exceptions all the evidence given in the cause. It is of this refusal that the plaintiff in error now complains.

The instruction, it will be seen, asserts the clear, legal proposition that where a party sues on a special contract, and the contract proved on the trial is essentially variant from the one declared on and set out in the declaration, the plaintiff cannot recover upon the well settled principle that the allegation and proof must correspond. It is clear, I think, that the law is correctly propounded in the instruction, and it ought to have been given, if, as contended, it was competent for the plaintiff in error to vary and restrict its common law liabilities by the special contract supposed in the instruction. That a common carrier may do by special contract is, I think, too firmly settled to admit of doubt or question. The authorities, so far as I have been able to extend my examination, are uniform to this point, and it seems well agreed that by express stipulation in the contract to that effect, they may, at least exonerate themselves from all liability that does not arise from the want of ordinary care and diligence on their part. *B. & O. R. R. Co.* vs. *Rathbone*, 1 W. Va. Rep., 106; Story on Bailment, sec. 549; Angel on Common Carriers, sec 54–225; *Latham* vs. *Rutly*, 9.Eng. Com Law Rep., 10; *Latham* vs. *Capeuse*, 6 Har. & J., 394; *Austin* vs. *Manchester Railway*, Eng. L. & Eq. Rep., 329; *White* vs. *Great Western Railway*, 87 Eng. C. L. R., 7; *York, &c. Railway* vs. *Crich*, 78 Eng. C. L. R., 527.

It was maintained on the part of the defendant in error that the instruction was properly refused, because it in effect asked the court to direct the jury to find a verdict for the defendant upon the evidence before them. This objection, it seems to me, is not tenable. It is clearly competent and it is of constant practice for the court to tell the jury that if from the evidence before them they believe certain facts are proven, that then certain legal consequences must follow, and that the law as applied to the facts so established is for the plaintiff or defendant, as the case may be, and that they must find accordingly.

It was also insisted that although the instruction, as an abstract proposition of law, might be correct, yet if this court can see from the evidence, which, and not the facts, is certified, the verdict of the jury was right, the judgment ought not to be reversed for the refusal to give them such instruction. To this it may be replied that it was the province of the jury and not the court to determine the weight and sufficiency of the evidence, and if from it they believed that the case supposed in the instruction was established, then, as we have seen, the verdict under the law was plainly wrong. *Hopkins* vs. *Richardson*, 9 Grat., 485.

It was further maintained that the evidence introduced by the plaintiff in error was not competent evidence, nor adequate to establish the existence or probable loss of the alleged release, nor sufficient to let in evidence of its contents.

This evidence, although secondary, certainly tended directly to prove the contract supposed in the instruction, and the doctrine is too well settled to be called in question that if secondary evidence is introduced without objection in the court below, an objection to it in the appellate court comes too late and will not be considered. *Shue* vs. *Tuck*, 15 Grat., 256; *Alkins* vs. *Lewis* 14 Grat., 34; *Buchanan* vs. *Clark*, 10 Grat., 172; *Taylor* vs. *Smith*, 10 Ia., 558; *Roberts* vs. *Graham*, 6 Wallace, 517; *Hammel* vs. *The State*, 17 Ohio Law State Rep., 628.

I think the judgment should be reversed, with costs, and the cause remanded to the circuit court for further proceedings.

The president concurred.

JUDGMENT REVERSED.