# CHARLESTON.

THOMAS v. MOTT.

Submitted March 28, 1916.     Decided April 4, 1916.

ASSUMPSIT, ACTION OF—*Pleading—Executory Contract—Sale of Corporate Stock.*

To recover in assumpsit for the breach of an executory agreement for the sale of corporate stock, plaintiff must declare specially on the contract. The general counts alone will not suffice, except where payment of the consideration is the only act remaining unperformed thereunder.

Error to Circuit Court, Summers County.

Action by S. B. Thomas against J. J. Mott. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*R. F. Dunlap* and *T. N. Read,* for plaintiff in error.

*Wm. H. Sawyers,* for defendant in error.

Lynch, Judge:

. Plaintiff sued in assumpsit to recover·compensation in damages, measured by the value of seven shares of the corporate stock of the Dominion Power Company of Virginia. The declaration contained only the indebitatus assumpsit counts for work and labor, goods bargained and sold, money lent, paid and expended, had and received, and account stated. Of a judgment for plaintiff defendant complains on writ of error.

The declaration being sufficient in form, the demurrer thereto properly was overruled. The meritorious assignment questions the right to recover on the common counts, in the absence of a special count stating in ample form the contract out of which the cause of action arose. This objection, of course, did not appear except upon the trial, and when it did appear defendant objected and duly saved the benefit of the adverse · rulings thereon.

Plaintiff was employed by Mott to secure, and did secure, certain real estate and property rights for transfer to a corporation thereafter to be organized, and which subsequently was organized, under the corporate name of Dominion Power Company of Virginia, having a capitalization of $1,000,000, Mott being the controlling and dominant shareholder therein. Thomas took title to the property acquired in his own name as trustee, and declined to transfer it to the corporation until Mott rendered compensation for his services as agreed between them at the inception of the employment. After some negotiations, Thomas wrote Mott making three propositions, of which Mott accepted the third and so advised him by letter dated June 26, 1911, saying: ''I have yours of the 23rd inst., making offer for settlement of your matters with the Dominion Power Company, and, after consultation with Senator Butler, we have concluded to accept your third and last prop-

osition, namely, $500 cash and 277 shares of stock. The company needs a friend in your locality, and for this reason we want you connected with it as a stockholder to an appreciable extent. We will call a meeting of the directors and close the matter up.''

On the trial of the general issue, plaintiff and defendant concurred in the statement that certificates for no part of the shares were issued or delivered to the incorporators or subscribers, and that nothing was done in that regard except an apportionment among the nominal shareholders of the stock to which they then respectively were entitled. Defendant explicitly stated that by inadvertence he named in his letter to plaintiff of June 26th 277 shares, that he meant and plaintiff's proposal was for 270 shares only, and that no greater number was intended to be and was allotted to Thomas on the books of the company. Thomas did not deny the fact was as stated, except he did and yet does contend his proposition was for the number of shares named in that letter in addition to the cash consideration. Moreover, defendant testified without equivocation, and his statement passed unchallenged, that no share remained for sale or distribution or allotment to plaintiff or any other person after the 270 shares were apportioned to Thomas.

Other circumstances proved and uncontradicted tend to show the fact to be as stated by defendant as regards the number of shares intended to be transferred and allotted to Thomas in part payment of his services. He was present in person or by proxy, as a stockholder and director, in attendance upon a meeting of the corporate board, and accredited with 270 shares of its stock. Later, Mott purchased from him that number in January, 1912, at the rate of ten dollars a share or a total of $2700, which Mott agreed to pay within a reasonable time after consummation of negotiations then pending for the sale of the entire authorized capital stock of the corporation to A. B. Leach & Co. or to the Dominion Power Company of West Virginia, successor to the Dominion Power Company of Virginia. Of the pendency of these negotiations Thomas had knowledge, through the written contract of sale to Mott evidenced by the letter referred to. The sale and

transfer of all the stock of the company first organized was effected by Mott; and upon his failure to respond to the agreement to pay the $2700 Thomas sued him therefor and for the additional sum of $2300, the right to recover which excess being predicated upon Mott's promise to pay Thomas the aggregate of the two amounts if Mott consummated a sale of the stock of the company at a price warranting payment of the additional sum for the services rendered in the original acquisition of the real estate. This promise we held in *Thomas v. Mott*, 74 W. Va. 293, was without a consideration to support it, as also did the trial court. The omission in that action of the seven shares Thomas explains by saying he did not discover the failure to include them until after he had brought the first action, and then only while engaged in the preparation of that case for trial, when he found Mott's letter.

With the correctness of the verdict we are not now concerned. It is not involved, except as to the instructions. The sole inquiry now is whether plaintiff can recover the value of the seven shares under a declaration containing none other than the common counts. If it is sufficient to admit the proof summarized, that defect is not cured by the bill of particulars. It is no part of the declaration. *Sandusky* v. *Oil Co.*, 63 W. Va. 264. The action was brought not to recover the value of services rendered or property sold or money had and received. Its object was to require payment of damages for the breach of a contract for shares of corporate stock not issued and not delivered or deliverable, though if issued they would have represented or evidenced a proportionate interest in the corporation, or become choses in action in the nature of intangible personal property capable of manual seizure and subject to attachment. *Lipscomb* v. *Condon*, 56 W. Va. 416; *Railroad Co.* v. *Payne*, 29 Gratt. 502. As the contract by Thomas and Mott clearly was executory and not fully performed, because open and subsisting as to the shares in controversy, if made at all, the decision of the question being considered is controlled and governed by that well recognized rule requiring the form of action to be special and not general

where the assumpsit is founded on the breach of an executory contract.

The foundation for that rule seems to rest upon the theory that there is no necessity for an implication of a promise to render compensation where there is an express contract between the parties not fully performed. Parties are bound by their agreements, and therefore there is no excuse for implying a promise, as in the case where the common counts are used and the contract has been fully performed. If it remains open or executory, or something is still to be done under it besides the payment of the consideration, plaintiff must declare specially. 2 R. C. L. 761; 2 C. J. 1388. The form of assumpsit must be special where the claim sounds in damages and is for the nonperformance of a special contract. *Mattocks* v. *Lyman,* 18 Vt. 98. "Where an express simple contract remains open and unexecuted, and plaintiff proceeds as for a breach, he must declare specially. Indebitatus assumpsit will not lie." 5 C. J. 1386. "Damages for the breach of a special contract unexecuted are not recoverable under the common counts." *Mankin* v. *Jones,* 68 W. Va. 422. Mott did not and could not deliver to Thomas certificates for the seven shares, because none were issued, and Mott purchased from Thomas and paid him for the 270 shares. Thomas does not pretend he sold 277 shares to Mott, or that Mott bought the seven shares of him. On the contrary, he expressly says he did not sell them to Mott. Moreover, the agreement between them has not been performed as to the seven shares. It has been broken, if indeed the contract was for 277 shares, and the breach constitutes a cause of action for damages recoverable upon a special count in assumpsit, but not on the common counts alone.

Viewed in the light of what we have determined the rule to be as to recovery under the declaration, all the instructions given for plaintiff were erroneous. The second was wrong in saying "the measure of the damages in this case is the value of the stock when the title pased from Thomas." As Thomas sold only 270 shares, the title to the seven shares could not have passed from him. That is clear from his own testimony. If he has any claim against Mott, it rests on the failure of the

latter to transfer or apportion to him the seven shares, that failure constituting a breach of the contract, as heretofore observed. To recover, plaintiff must declare specially on the written acceptance of his offer.

For these reasons, we reverse the judgment and remand the case for further proceedings therein as the parties may be advised.

*Reversed and remanded.*