## CHARLESTON.

D. MINOTTI v. C. E. YOUNG AND A. C. GRIDELLI.

(No. 5247)

Submitted April 28, 1925.   Decided May 5, 1925.

ASSUMPSIT, ACTION OF—PLEADING—*Syllabi in Prior Cases Followed.*

Points 3, 4, and 5 of the syllabus in *Riley* v. *Jarvis*, 43 W. Va. 43; point 2 of the syllabus in *Robinson* v. *Board of Education*, 70 W. Va. 66; and point 6 of the syllabus in *Mankin* v. *Jones*, 68 W. Va. 422, approved and applied.

Error to Circuit Court, Kanawha County.

Action by D. Minotti against C. E. Young and another. Judgment for plaintiff, and defendant A. C. Gridelli brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Strother, Sale, Curd & Tucker,* and *Donald O. Blagg,* for plaintiff in error.

*B. J. Pettigrew,* for defendant in error.

HATCHER, JUDGE:

This is an action in assumpsit brought in the Circuit Court of Kanawha County. From a judgment in favor of the plaintiff for $750.00, the defendant, Gridelli, prosecutes error here.

In 1919, the plaintiff, who resided in Charleston, West Virginia, leased to defendants and one S. C. Cody, who at that time were partners, some second hand construction and road-making machinery. The contract was verbal. The plaintiff testified that in addition to a certain monthly rental (which was paid, and is not in dispute) the partners agreed to keep the machinery in good order and to return it to him at Charleston when through using it. The machinery was removed by the partners to Mingo County and there used in heavy construction work. Their contract was completed some time in 1922. During the work, Cody sold out to defendants and later, Young sold his interest in the partnership to Gri-

delli.   Upon the completion of the work, Gridelli stored the machinery in Mingo County.   According to plaintiff, Gridelli refused to return it to Charleston.   The plaintiff then, at his own expense, had it returned.

The declaration contains only the common counts in assumpsit.   A bill of particulars was filed therewith, which is as follows:

"C. E. Young and Arthur C. Gridelli
In Account with
D. Minotti

To failure of C. E. Young and Arthur C. Gridelli to comply with the terms and provisions of their contract for the use, etc. of the machinery hereinafter mentioned in this, to-wit:   the said defendants agreed to take good care thereof and return the same to the plaintiff where they procured the same, namely, Charleston, West Virginia; in as good condition as when received, reasonable wear and tear excepted, in the manner following, to-wit:

| | |
|---|---:|
| To breaking, exposing to the elements and misusing one Lambert Hoisting Engine ..................................................$ | 300.00 |
| To breaking, exposing and otherwise misusing and negligently breaking boom on one Stiff Leg Derrick................................. | 350.00 |
| To exposing and misusing one Steel Bull Wheel with sway rods........................... | 25.00 |
| To breaking and negligently exposing and misusing one American Engine.......... | 550.00 |
| To negligently exposing one Steel Bull Wheel with sway rods................................. | 25.00 |
| To negligently and carelessly breaking, exposing and misusing one Steel Hammer and leads.................................................... | 250.00 |
| To negligently and carelessly breaking, exposing and misusing one Clam Shell.... | 150.00 |
| To freight and haulage of machinery, which defendants agreed to do, but failed to do .................................................................. | 350.00 |
| To expense and labor in connection with item last above mentioned.................. | 150.00 |

$2,155.00

The defendant, Young, is the son-in-law of plaintiff. He was the main witness for plaintiff at the trial, and does not seem to have taken any part in the defense. The defendant, Gridelli, demurred to the declaration. His brief insists that it should have been sustained, because as is argued "the bill of particulars filed with the declaration setting up a tort action could not be proven under the common counts." The demurrer was properly overruled. The bill of particulars is no part of the declaration. *Riley* v. *Jarvis et al.,* 43 W. Va. 43 (sec. 4 syl.). A declaration containing the common counts in assumpsit is good on demurrer and is not rendered demurrable by a bill of particulars setting forth items which cannot be proven under the common counts. *Robinson* v. *Board of Education,* 70 W. Va. 66 (sec. 2 syl.). Plaintiff's evidence was solely in support of the items in his bill of particulars.

At the close of plaintiff's case, Gridelli moved the court to strike out plaintiff's evidence and direct a verdict for defendant. The argument then advanced was that the evidence was too "vague, general, and indistinct as to damages sustained, if any," to support a verdict. The reason given is not well taken, as there was competent evidence in support of some of plaintiff's claims. The motion should nevertheless have been sustained, because plaintiff's evidence *was not admissible under the declaration.* After the court overruled the defendant's motion, he introduced evidence in his own behalf. He thereby waived the motion to strike out. *Pennington* v. *Gillaspie,* 66 W. Va. 643.

Upon the return of the verdict, Gridelli moved the court to set it aside as contrary to the law and evidence, and award him a new trial. The court erred in overruling this motion. Plaintiff's right of action is based on a special contract whereby, according to him, the defendants agreed to keep his machinery in good repair and return it to Charleston. Upon failure of defendants to perform this special contract, he had the right to sue in assumpsit for any damages resulting from the breach. The contract being special and unexecuted, however, he should have declared specially. He cannot recover on the general counts alone. *Mankin* v. *Jones,* 68 W. Va. 422 (sec. 6 syl.). *Thomas* v. *Mott,* 78 W. Va. 113; 2

Tucker's Commentaries, Book III, page 133; 2 Greenleaf, par. 104; Andrews Stephen on Pleadings, note page 86.

> "In assumpsit the statement of the cause of action is either special or general as the plaintiff bases his claim to recover upon an express or upon an implied contract. Where the plaintiff founds his action on an express contract, special assumpsit is the only appropriate remedy."

2 Ency. Pl. & Pr. 990.

Evidence without proper pleading will not support a verdict. The *allegata et probata* must correspond. *B. & O. Ry. Co.* v. *Skeels*, 3 W. Va. 556; *Loomis* v. *Jackson*, 6 W. Va. 613; *Hutchinson* v. *City of Parkersburg*, 25 W. Va. 226; *Riley* v. *Jarvis, supra*.

Gridelli alleges further error because the court rejected his instruction number 5. It is as follows:

> "The court instructs the jury that if they believe from the evidence that any part of the machinery or equipment mentioned in plaintiff's bill of particulars was used by the defendants without any agreement to pay rental to the plaintiff for the use thereof, then the plaintiff cannot recover in this action for any damage done to such property unless the plaintiff was the sole owner thereof, and the burden of proof is upon the plaintiff to prove his title to said property by a preponderance of the evidence."

In view of the evidence of the witness Young (testifying for the plaintiff) that he, Young, had an interest in certain pieces of the machinery upon which the plaintiff was seeking to recover damages, an instruction stating that the plaintiff must establish his exclusive ownership thereto, would have been proper. This, on the theory that if any machinery damaged was owned jointly by the plaintiff and Young, the plaintiff individually would not have a right to recover damages therefor. The non-payment of rent, referred to in the premise of the instruction, was of evidential value on the question of title. The conclusion of the instruction is a correct statement of law; but it does not depend on, and is not the result of the premise. The instruction is therefore crudely drawn, though seemingly proper.

A special bill of exceptions was taken because the trial court refused to permit defendant's counsel to argue to the jury that the defendants had paid as rental therefor, "practically the worth of the machinery." We see no error in this ruling of the court. The rental was not in issue. It had been paid. The amount of the rental had nothing whatever to do with the alleged agreement to keep the machinery in repair and to return it to Charleston.

For the reasons assigned, the judgment of the lower court will therefore be reversed, the verdict of the jury set aside, and the defendant awarded a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*