D. W. Lawson *v.* The West Virginia Newspaper Publishing Co.

(No. 9495)

Submitted January 18, 1944. Decided February 15, 1944.

*W. Merle Watkins,* for plaintiff in error.
*Francis L. Warder,* for defendant in error.

Rose, President:

The New York Life Insurance Company, owning a brick business building in the City of Grafton, by written lease dated October 1, 1937, demised certain of the rooms therein to the defendant, The West Virginia Newspaper Publishing Company, a corporation, having its principal place of business at Morgantown. By deed dated September 18, 1939, the Insurance Company conveyed the building and assigned the lease to the plaintiff, D. W. Lawson. The defendant vacated the premises December 31, 1939,

paying rent to that date. This action was instituted November 25, 1940, for the recovery of rent alleged to be due and unpaid for the period beginning January 1, 1940, and ending October 1, 1940, and for certain damages to the building and fixtures claimed to have been caused by the defendant. A demurrer to the declaration was overruled, a plea of the general issue interposed and trial had, resulting in a verdict for the defendant. The court overruled a motion to set aside this verdict and entered judgment accordingly.

The plaintiff concedes that the adverse verdict as to the damages to the building and fixtures involved a question of fact on which there was substantial conflicting evidence, and that he, therefore, is remediless as to this part of the verdict; but insists that as a matter of law he, as assignee of the Insurance Company lease, was entitled to the rent sued for. On this proposition his principal assignments of error rest.

The action is in assumpsit. The declaration contained but a single count relating to the rent claimed, and that was a special count based wholly on the Insurance Company's lease which is set forth *in haec verba*. A principal question here is whether the Insurance Company lease covered the period for which the plaintiff claims rent. The plaintiff's position is that the instrument created a lease from year to year, which could be terminated only by the giving of a written notice of termination by one of the parties to the other one month before the end of a current year. It is conceded that no such notice was given. The defendant construes the lease as creating a definite term of twelve months from its date which, however, would be continued for a single like period, unless notice of termination should be given one month before the expiration of the first year.

The provisions of the lease relating to the term are as follows:

"That the said party of the first part doth demise unto the said party of the second part that

certain store room situate in the City of Grafton, Taylor County, West Virginia, at 134 West Main Street, together with the basement under said store room which basement fronts on *Labrobe* Street of said city, from the first day of October, 1937, for the term of twelve months thence next ensuing, and to expire on the first day of October, 1938, yielding therefor, during said term, the rent of Five Hundred and Fifty and no/100 ($550.00) Dollars. * * *

"Either party hereto may terminate this lease at the end of said term by giving the other written notice at least one month prior to the expiration hereof, and, in default of such notice, this lease shall continue for a like period of time, upon the same terms and conditions as are herein contained; provided, however, that if the Lessor shall at any time give notice in writing, at least three months previous to the expiration of said term or any continuation or renewal thereof as above, of its intention to change the terms and conditions of this lease, and the tenant shall hold over into another term, he shall be considered a tenant under the terms and conditions mentioned in such notice, until this lease is terminated by notice as hereinbefore provided."

It will be observed that the lease first expressly and clearly creates a term for the distinct period of "twelve months thence next ensuing, and to expire on the first day of October, 1938". By this paragraph, considered alone, the lease was for twelve months and no more; but the second paragraph quoted, by certain express provisions, clearly modifies the limitation of the term fixed by the first. Unless one of the parties, one month prior to the expiration of the lease, shall give to the other a notice of termination, "this lease shall continue for a like period of time, upon the same terms and conditions as are herein contained; * * *." The plaintiff says that any extension of the lease "upon the same terms and conditions" necessarily means that, at the end of the second period, the same right of continuance would again

exist for still another like term, in the absence of notice of termination, and so on indefinitely, from period to period until such notice should be given.

However persuasive from a logical or legalistic view this conclusion may be, we find that courts generally do not accept it. "A general covenant to renew or a covenant to renew with like terms, conditions, and covenants does not import a renewal covenant in the renewal lease." 35 C. J. page 1027. "It is quite plain that a lease containing a covenant to renew at its expiration with similar covenants, terms and conditions contained in the original lease is fully carried out by one renewal without the insertion of another covenant to renew. Otherwise a perpetuity is provided for." *Winslow* v. *Baltimore & Ohio Railroad Company*, 188 U. S. 646, 47 L. ed. 635, 23 S. Ct. 443. For concurrence see II Tiffany on Landlord and Tenant, section 227; I McAdam on Landlord and Tenant (5th Ed.) section 147; III Thompson on Real Property, (Perm. Ed.) section 1270; *Pettit* v. *Tourison*, 283 Pa. 529, 129 A. 587; *Gould* v. *Harley*, 215 Mich. 234, 183 N. W. 705; *Drake* v. *Board of Education*, 208 Mo. 540, 106 S. W. 650; *Vokins* v. *McGaughey*, 206 Ky. 42, 266 S. W. 907; *Mecklenburg Real Estate Company* v. *Kyoleum Company*, 142 Tenn. 295, 218 S. W. 821; *Tischner* v. *Rutledge*, 35 Wash. 285, 77 P. 388; *Syms* v. *City of New York*, 105 N. Y. 153, 11 N. E. 369; *Cunningham* v. *Pattee*, 99 Mass. 248; *Nakdimen* v. *Atkinson Improvement Company*, 149 Ark. 448, 233 S. W. 694. The same rule applies to covenants for a continuance or extension of a lease. "It is the rule that a provision in a lease in general terms for a renewal or continuance of the lease will be construed as providing for only one renewal." 32 Am. Jur., Landlord and Tenant, section 968. "A general covenant to extend or renew implies an additional term equal to the first, upon the same terms, including that of rent, except the covenant to renew; to include which would make the lease perpetual." I Taylor's Landlord and Tenant, (9th Ed.) section 332. While the well-established rule in this

State does not disapprove perpetual renewals, the terms of a lease providing therefor, must be clear and distinct. In *Thaw* v. *Gaffney*, 75 W. Va. 229, 83 S. E. 983, while sustaining a repeated renewal provision, Williams, J., says "Courts do not favor perpetual leases and therefore covenants to renew are generally limited to a single renewal, unless the language is so plain as to admit of no doubt of the purpose to provide for perpetual renewal, and when thus clear the covenant is binding." We approve this rule. This position is further justified by the well-recognized requirement that, ordinarily, in construing a lease, doubtful questions should be resolved in favor of the lessee. *Hacquard* v. *Sweetwine*, 92 W. Va. 681, 115 S. E. 797.

But it might be argued that the lessee in this case continued to occupy the premises after the expiration of the term of the lease under such circumstances, or in such manner, as to give the plaintiff, as a matter of law, the right to elect to hold it for an additional term. *Voss* v. *King*, 38 W. Va. 607, 18 S. E. 762; *Allen* v. *Bartlett*, 20 W. Va. 46. The defendant did remain in possession and pay rent at the rate of $50 per month for three months following the expiration of its lease, but the evidence is clear that during this period the parties were either negotiating for a new lease or had reached a temporary agreement. A holding over during negotiations for a new lease does not renew or extend the expired term. *Weber* v. *Powers*, 213 Ill. 370, 72 N. E. 1070; *Valentine* v. *Healey*, 158 N. Y. 369, 52 N. E. 1097; *Turner* v. *Wilcox*, 32 Okla. 56, 121 P. 658. Hence, since the lease and its one-year extension did not cover the period for which rent is claimed, and, if there was no holding over by which the lease could be made to include this period, the plaintiff, whose declaration is based solely on the lease, can have no verdict. He cannot recover on a lease, oral or written, express or implied, on which he has not declared, regardless of what may be due thereunder. "Evidence without proper pleading will not support a verdict." Opinion, Hatcher, J.,

*Minotti* v. *Young,* 99 W. Va. 97, 127 S. E. 913. In accord: *Emery* v. *Monongahela West Penn Public Service Co.,* 111 W. Va. 699, 163 S. E. 620; *Napier* v. *Mozena Coal Co.,* 86 W. Va. 220; 103 S. E. 125; *Riley* v. *Jarvis,* 43 W. Va. 43, 26 S. E. 366; *Hutchinson* v. *City of Parkersburg,* 25 W. Va. 226; *Loomis* v. *Jackson,* 6 W. Va. 613; *Baltimore & Ohio R. R. Co.* v. *Skeels,* 3 W. Va. 556.

Since the record would not sustain a verdict for the plaintiff, consideration of assignments of error based on alleged erroneous instructions and evidence need not be considered.

The judgment of the Circuit Court of Taylor County to which this writ of error was issued will be affirmed.

*Affirmed.*