# CHARLESTON

THAW *et als.* v. GAFFNEY.

Submitted October 28, 1914.   Decided December 8, 1914.

1. LANDLORD AND TENANT—*Construction of Lease.*

   A lease under seal, containing the following covenant by the lessor: "The said parties of the second part are to have said land for the purpose of building thereon two dwelling houses and to have and to hold said land for and during the term of five years, or as much longer thereafter as the parties of the second part may elect to pay the parties of the first part the sum of fifty Dollars ($50.00) per annum to be paid semi annually in advance," gives the lessee or his assignee the option to perpetuate the lease indefinitely by paying the stipulated annual rental in advance. (p. 230).

2. PERPETUITIES—*Lease—Indefinite Renewal.*

   Such covenant does not violate the rule against perpetuities. (p. 232).

Error to Circuit Court, Tyler County.

Action by Cora Thaw and others against P. H. Gaffney. Judgment for plaintiffs, and defendant brings error.

*Reversed, and Judgment Rendered.*

*McCoy & Swiger,* for plaintiff in error.

*William Beard,* for defendants in error.

WILLIAMS, JUDGE:

Judgment for plaintiff in an action of unlawful detainer and defendant brings error. The action was originally

brought before a justice of the peace and from his judgment, rendered in favor of defendant, plaintiff appealed to the circuit court. The case was there tried by the court in lieu of a jury upon an agreed statement of facts, from which it appears that on the 14th November, 1892, Eliza Williamson, owner of a life estate, and Cora L. Dils, owner of the remainder in fee, of a lot of ground in Sistersville, 90x115 feet, by writing under seal, leased it to J. W. and P. H. Gaffney for a period of five years, and as long thereafter as the lessees might elect to pay a rental of $50 a year semi-annually in advance. The parts of the lease that are necessary to be considered in deciding the case are as follows: "The said parties of the second part (lessees) are to have said land for the purpose of building thereon two dwelling houses and to have and to hold said land for and during the term of five years, or as much longer thereafter as the parties of the second part may elect to pay the parties of the first part the sum of fifty Dollars ($50.00) per annum to be paid semi annually in advance.

"It is further agreed that the parties of the second part shall have the right at any time to sell or remove buildings placed on said premises.

"All the conditions between the parties hereto shall extend to their heirs, Executors, and Assigns." The writing was signed and sealed by both lessors and lessees.

The lessees entered and each built a dwelling house on the land, together worth from $2,500. to $4,000. J. W. Gaffney sold and assigned his interest in the lease to Mike Sexton who occupies one of the houses. The rent has been paid semi-annually in advance up until 14th November, 1909, when a tender of a half year's rent was made and refused. Plaintiffs then offered to make a new lease in consideration of $100 annual rental, which defendant declined, and hence this action. Mrs. Williamson died and, later, Cora Dils also died leaving as her heirs at law the plaintiffs, Cora, Theresa, Ruby and Robert F. Thaw. On the 8th April, 1910, plaintiffs gave defendant written notice to quit the premises on the 14th November, 1910.

The terms of the lease are unambiguous and express the agreement of the parties, and according to their contract

their rights must be determined, unless it contravenes some positive rule of law. The question presented for our decision is: Did the lessees have the right to extend the lease for an indefinite period after the five year term had ended, by paying the stipulated yearly rental semi-annually in advance; or was that provision which expressly gave them the right thus to extend it voidable at the election of lessors? It is argued by counsel for defendants in error that the right to terminate is mutual, and can not exist exclusively in favor of one party to a lease. It is claimed that the lessee's right to terminate the lease at the end of any year by electing not to pay the rent for another in advance, gives the lessor equal right to terminate it. But that principle is applicable to estates at will, and to apply it here would defeat the contract, for the lessors expressly covenanted that the lessees might have the land as much longer than five years as they should elect to pay a rental of $50 yearly in advance. It was clearly the purpose to make the continuation of the lease, after the definite term had ended, optional with the lessees. The landlord's covenant to renew the lease at the end of the term, at the election of the lessee, is a binding obligation. 1 Taylor on Landlord and Tenant, (9th ed.), secs. 334-335. The consideration for the five year lease is not expressed in the contract, but being under seal the lease imports a valuable consideration, which is not only sufficient to support the lease for the term of years, but is also a consideration for the privilege of extending the lease thereafter from year to year. The lessees are expressly given the option to perpetuate the lease. Such covenants by the landlord are held valid in England under the common law. *Hare* v. *Burges,* 4 K. & J. 45, 70 Eng. Rep. 19; *The Copper Mining Co.* v. *Beach,* 13 Bear. 478, 51 Eng. Rep. 184; *City of London* v. *Mitford,* 14 Ves. Jr. 41, 33 Eng. Rep. 471. Perpetual leases are also generally recognized as valid by the courts of this country. There is nothing in the policy of our law which forbids them. In fact, our mineral leases are generally of that character, especially oil and gas leases. They are usually made for a definite number of years, and also provide that, if oil or gas is produced within the term, they are to continue as long as

oil and gas, or either of them, is produced. *Harness* v. *Eastern Oil Co.*, 49 W. Va. 232; *Lowther Oil Co.* v. *Guffey*, 52 W. Va. 88, and numerous other cases which it is unnecessary to cite. If an oil and gas lease may be perpetuated, why may not a lease for the surface likewise be perpetuated. The fact that the occupation and use of the ground is confined to the surface in one instance and not wholly so limited in the other, is not sufficient reason for holding that one is perpetual and the other is not. The leading case in this country on the subject of perpetual leases is *Folts* v. *Huntley*, 7 Wend. (N. Y.) 210, and the decision of that case has been followed in a number of the states. *Warner* v. *Tanner*, 38 Ohio St. 118; *Delhi School Dist.* v. *Everett*, 52 Mich. 314; *Atkinson* v. *Orr*, 83 Ga. 34, 9 S. E. 787; *Lewis* v. *Effinger*, 30 Pa. St. 281, and the same case again in 32 Pa. St. 367. The following cases also assert the same doctrine: *Blackmore* v. *Boardman*, 28 Mo. 420; *Drake* v. *Board of Education*, 208 Mo. 540; *Boyle* v. *The Peabody Heights Co. of Baltimore City*, 46 Md. 623.

Courts do not favor perpetual leases and therefore covenants to renew are generally limited to a single renewal, unless the language is so plain as to admit of no doubt of the purpose to provide for perpetual renewal, and when thus clear the covenant is binding. 4 Kent. Com., side page 109; 1 Taylor on Landlord and Tenant, (9th ed.), sec. 334; and Wash. on Real Prop., (6th ed.), sec. 674. "A definite covenant for the perpetual yearly renewal of a lease is not void." *Hoff* v. *Royal Metal Furniture Co.*, 117 App. Div. (N. Y.) 884, affirmed in 189 N. Y. 555. Although the point has not been directly passed upon by this court, the doctrine of perpetual leaseholds has been recognized in the opinions in *Bowyer* v. *Seymour*, 13 W. Va., at page 23, and in *Starcher Bros.* v. *Duty*, 61 W. Va., at page 378.

A covenant to renew perpetually does not violate the rule against perpetuities. The landlord may convey his land notwithstanding his covenant, but the covenant passes with the land, and is binding on his assignee. 1 Taylor on Landlord and Tenant, sec. 262.

This case differs materially from *Hinton Foundry & Machine Co.* v. *Lilly Lumber Co.*, 73 W. Va. 477, 80 S. E. 773.

That was a tenancy at will, there was no term designated in the lease; while in this case there is a definite term for years, with a covenant by the lessor to renew from year to year, at a stipulated yearly rental, so long as the lessee may elect to pay the rental in advance.

The judgment will be reversed and judgment entered here for the defendant.

*Reversed, and Judgment Rendered.*