# CHARLESTON.

GEORGE E. TODD *et al.* v. MANUFACTURERS LIGHT & HEAT CO. *et al.*

Submitted January 11, 1922.   Decided January 17, 1922.

1.   QUIETING TITLE—*Bill Must Allege Actual Possession, But Allegation in General Terms is Sufficient.*

One of the essential disclosures to be made by a bill to remove cloud from title to land is actual possession of the land by the plaintiff, but it suffices to allege in general terms that he is in possession thereof.   (p. 44).

2.  PERPETUITIES—*Gas Lease Held Not a Violation of the Rule Against Perpetuities.*

An extension clause in an oil and gas lease creating a specific term, providing that the lease shall continue after the expiration of such term, as much longer as the rental for delay in operating is paid, or as long after commencement of operations as the premises are being operated for the production of oil or gas, is not within the rule against perpetuities.  (p. 44).

3.  MINES AND MINERALS—*Where Drilling of Well was Commenced Within Specific Term and Prosecuted in Good Faith, Held That Lease was Extended Under Extension Clause.*

If, under such a lease and within such specific term, a well is commenced and the work of drilling diligently and in good faith prosecuted but not completed, at the expiration thereof, the lease continues in force and effect by virtue of such extension clause.  (p. 45).

4.  SAME—*Refusal to Accept Delay Rentals Held Not to Terminate Lease for Specific Term Providing for Extension.*

Such a lease cannot be terminated by the mere refusal of the lessor to accept payment of the delay rentals.  To terminate it after the expiration of the specific term. and in the absence of drilling commenced within it, he must give reasonable notice of his intention to terminate it for failure to drill, demand the commencement of operations and thereafter allow a rental period, on payment of the rent, for the drilling of a well.  (p. 45).

5.  CANCELLATION OF INSTRUMENTS—MINES AND MINERALS—*Only Extraordinary Hardship Occasioned by Lack of Diligence in Development Required Justifies Partial Cancellation; Bill for Cancellation of Oil and Gas Lease Indefinite in Allegations as to Lessee's Lack of Diligence in Development, is Insufficient.*

Only an extraordinary case of hardship, if any, occasioned by lack of diligence in the development of land leased for oil or gas, required by the implied covenant in a lease of land for such purpose, will justify partial cancellation of the lease, and a bill praying such relief upon general and indefinite allegations of such lack of diligence is clearly insfficient.  (p. 46).

6.  SAME—*Bill for Cancellation of Oil and Gas Lease on Ground of Drainage by Other Wells Must State Facts Clearly Showing the Cause of Action.*

Relief by partial cancellation of an oil or gas lease, upon

the ground of drainage by means of wells on adjacent or neighboring lands, is extraordinary in character, and, to be sufficient, a bill for such relief falls within the same rule of pleading.    In both cases, the bill must state facts and circumstances of such character as, taken for true on demurrer, clearly indicate the existence of the cause of action asserted. (p. 46).

Action by George E. Todd and others against the Manufacturers' Light & Heat Company and others for cancellation of an oil and gas lease.    A demurrer to the bill was sustained, and of its own motion the court certified the decision for review.

*Affirmed.*

*J. Howard Holt,* and *J. M. Ritz,* for plaintiffs.
*Chas. McCamic,* and *A. Leo Weil,* for defendants.

POFFENBARGER, PRESIDENT:

An inquiry as to the sufficiency of a bill in equity praying alternately for complete cancellation of an oil and gas lease, on the theory of expiration thereof, and partial cancellation, on the theory of failure to use due diligence in the development of the property, arises upon a certificate in this cause; the Circuit Court having sustained a demurrer to the bill and, of its own motion, certified its decision to this court for review.

The specific term created by the lease was ten years, commencing with its date, September 16, 1908.    The extension provision reads as follows: "And as much longer as the rental for delay in operating is paid, or as long after commencement of operations as the said   premises are being operated for the production of oil or gas, or as oil or gas is found in paying quantities thereon." The unusually liberal scope of this clause is to be observed and its importance noted. Upon it is based a claim of wide differentiation in legal effect, of this lease from others interpreted here and elsewhere. The defeasance provision operative within the specific term and, afterwards as well, if the extension clause is to have effect, according to its terms, reads: "This lease shall become null and void and all the rights thereunder shall cease and de-

termine unless one well shall be completed on the said premises within three months from the date hereof, or unless the lessees shall pay at the rate of fifty and no dollars ($50.) quarterly in advance for each additional three months such completion is delayed from the time above mentioned for the completion of said well until one well is completed.''

The lease was executed by the plaintiff to the Wheeling Natural Gas Company, a corporation, and afterwards by it assigned to the Manufacturers' Light & Heat Company. The rentals were paid and accepted throughout the entire period of ten years, but no well was completed within that period. One was commenced in June, 1918, about three months before the expiration of the ten year period, and completed some time after the expiration thereof.     On September 17, the day after such expiration, the lessors served a notice upon the defendant, to the effect that the lease had expired and that immediate cessation of operations on the premises was demanded. Ignoring the notice and demand, the assignee continued its work and completed the well, connected it with its pipe line and continues operation of it, claiming title to the lease and the completion of a producing well.     Relying upon their interpretation of the lease and denying the right claimed under it by the assignee, the lessors declined to accept any compensation from or under it, after expiration of the specific term.     In January, 1919, not long after the completion of the well, George E. Todd went to the office of the assignee at Pittsburgh, Pa. and demanded the drilling of additional wells, offering to extend the lease for that purpose. Upon this demand, fruitless negotiations were commenced, for modification of the right claimed by the assignee.     On their failure, this suit was instituted about April 1, 1919.

An opinion filed in support  of the order complained of seems to be limited to the allegations of an original bill, but the order itself sustains demurrers to an original bill and an amended bill.     In the opinion, the amended bill is mentioned as having been filed at April rules 1919, but not endorsed by the clerk or mentioned in any order entered in the cause. Nevertheless the amended bill only was sent to this court with the certificate.     As the order expressly sustains the de-

murrer to it, no reason is perceived why it may not now be deemed to have been filed in the court below and considered upon the certificate.

Equity jurisdiction is denied in argument, upon alleged lack of an allegation of possession of the premises on the part of the plaintiff. Whether the original bill contains such an allegation, we are unable to say, since it has not been brought up. The amended bill is not open to this impeachment, for it contains a direct, express and positive allegation that the plaintiffs were in possession of the land at the date of the execution of the lease "And have been always since and are now." This is an amply sufficient compliance with one of the essential requirements of a bill to remove cloud. An allegation of plaintiff's possession in general terms suffices in such a bill. The word, "actual," is not essential. *Round Bottom Coal Co.* v. *Ben Franklin Coal Co.,* 88 W. Va. 259, 106 S. E. 716; *Sansom* v. *Blankenship,* 53 W. Va. 411; *Grove* v. *Long,* not yet officially reported.

If the extension clause is to have effect and operation agreeable to its terms, the authorities relied upon by the plaintiffs in support of their claim of an entire forfeiture, by reason of the failure to complete a well or make discovery of oil or gas in the premises, within the specific term, are wholly inapplicable. The leases construed in all of them, authorized extension beyond specific terms, upon one condition only, production of oil or gas on the leased premises. *Steelsmith* v. *Gartlan,* 45 W. Va. 27; *Ohio Fuel Oil Co.* v. *Greenleaf,* 84 W. Va. 67; *South Pen Oil Co.* v. *Snodgrass,* 71 W. Va. 438; *Jennings* v. *Southern Carbon Co.,* 73 W. Va. 215.

Tender of rentals for the period intervening between expiration of the specific term and completion of the well is not denied by the bill. Presumptively, it was made and rejected. This is a fair inference from the allegation saying the plaintiffs have not accepted compensation since such expiration. Likely the attempt to forfeit the lease the day following the expiration of the specific term excused tender if it was not made. The bill in express terms admits commencement of a well within the specific term. The Manu-

facturers Light and Heat Company may be deemed, there-
fore, to have complied with two conditions precedent, either
of which extended the term, if the extension clause is valid,
tender of rent and commencement of a well.     This does not
seem to be denied in argument.     The extension clause is
ignored or its validity denied, on the ground of alleged in-
hibition by the rule against perpetuities.     This position is
altogether untenable.     The validity   of what is popularly
called a ''no term lease'' has been put beyond question by
adjudication.     *Wilson* v. *Reserve Gas Co.,* 78 W. Va 529;
*Johnson* v. *Armstrong,* 81 W. Va. 399.     Except as to the
duration of the specific term, this lease is in all substantial
respects like the one construed and upheld in *Thaw* v. *Gaff-
ney,* 75 W. Va. 229.     That lease created a term of five years
and provided that the lessees might hold the land as much
longer thereafter as the parties of the second part should
elect to pay the parties of the first part the sum of fifty
dollars per annum in advance.     In view of this decision and
others reaffirming its principles, it is unnecessary to bestow
further time and labor on the question of the validity of the
extension clause.

The generality and indefiniteness of the allegations of the
bill, respecting lack of diligence in the development of the
property, relieve us from duty to enter upon an inquiry as
to the right of the lessors, under any circumstances, to
have partial cancellation of the lease, for non-compliance with
the implied covenant or condition to use such diligence. No
facts or circumstances tending to impose duty   in this re-
spect are alleged, except that the tract of land containing 124
acres lies within a gas producing section, is surrounded by
producing wells owned by the Manufacturers Light and Heat
Company, has been drilled to the extent of only one well and
would be further drilled by another company, if permitted by
the operator.     Neither the production of the well on the
lease nor of any other well in the neighborhood is disclosed.
The production of that well and of each of the others may
be so slight as to justify the operator in declining to incur
the expenditure of additional wells.     Ordinarily, the remedy
for breach of the implied covenant relied upon, is an action

at law for damages, and there is no right in equity to have partial cancellation of the lease. *McGraw Oil Co.* v. *Kennedy*, 65 W. Va. 595; *Core* v. *Petroleum Co.*, 52 W. Va. 276; *Harness* v. *Eastern Oil Co.*, 49 W. Va. 232; *Ammons* v. *South Penn Oil Co.*, 47 W. Va. 610. If there is such right in equity, the bill, therefore, must make out an extraordinary case. Admission of a lessor to a court of equity, upon a bill containing only very general and indefinite allegations of breach of the covenant, upon the theory or presumption of possibility of establishment of the right to further development, by proof, would be obviously burdensome and oppressive. It would also relieve him from compliance with requirements of the rules of pleading. Obligation or duty impliedly imposed upon the lessee arises only when the conditions under which he is operating demand it for the protection of the interests of the lessor or realization of his just right under the lease. No duty to drill more than one well, in the absence of a stipulation for additional wells, is to be found in the lease itself. It arises out of facts and circumstances to be set up in addition to the terms and provisions of the lease, and such facts and circumstances do not always exist. The lessor cannot be deemed to have a cause of action arising out of the implied covenant, in the absence of a disclosure by his bill, of the existence of the peculiar facts and circumstances imposing duty to drill additional wells. Upon principles enunciated and applied in *Steel* v. *American Oil Development Co.*, 80 W. Va. 206, and *Grass* v. *Big Creek Development Co.*, 75 W. Va. 719, it is manifest that this bill is wholly insufficient. It does not state facts sufficient to warrant recovery in an ordinary action at law for damages for breach of the implied covenant.

Partial cancellation is sought upon the further ground of drainage of the leased land, by means of wells located upon surrounding lands; but the allegations respecting drainage are also too general and indefinite. The charge is that the leased land lies in the midst of gas producing territory, and is surrounded by producing gas wells on every side of it, owned by the Manufacturers Light & Heat Co.; and that a number of them are very near to the land of the plaintiffs,

.and are draining the gas from under it.    No particular well is designated as being one by means of which the land is drained, nor is the relation of the land to any of them in point of distance disclosed.    Only a conclusion of fact or a general claim of drainage is alleged.    To make a sufficient bill for relief on the ground of drainage, it is necessary to set forth, in detail and with certainty and definiteness, facts clearly and strongly indicating the existence of the ground of relief.    *Hall* v. *South Penn. Oil Co.*, 71 W. Va. 82.

An order will be entered, certifying our conclusion that the demurrer to the amended bill was properly sustained.

*Affirmed.*