# CHARLESTON.

## J. W. NEWSOM v. L. D. MEADE

(No. 5392)

Submitted October 26, 1926.  Decided November 9, 1926

1. TRIAL—*Giving Instruction on Theory Not Supported in Evi-
   dence is Error; in Lessee's Action of Unlawful Entry and
   Detainer Against Defendant Claiming Under Deed, In-
   struction Based on Lack of Knowledge by Defendant of
   Plaintiff's Lease Held Error Under Evidence.*

   Giving an instruction based upon a theory which is without
   support in the evidence, is error. Pt. 3, Syl. *State* v. *Barker,*
   92 W. Va. 583. (p. 492).

2. LANDLORD AND TENANT—*At Common Law, Lease to be Held
   at Will of Lessee is Also Held at Will of Lessor; When
   Lessee Has Present Subsisting Interest in Property, Based
   on Adequate Consideration, Regardless of Provision That*

490 NEWSOM v. MEADE [Nov. 1926

*Lease May be Surrendered at Pleasure of Lessee, it May Not be Terminated at Will of Lessor.*

At common law a lease to be held at the will of the lessee, is taken to be held also at the will of the lessor. However, when a lessee has a present subsisting interest in leased property based on an adequate consideration, the common law rule does not apply, despite a provision in the lease that it may be surrendered at the pleasure of the lessee. (p. 492).

Error to Circuit Court, Mingo County.

Action by J. W. Newsom against L. D. Meade for unlawful detainer. Judgment for defendant, and plaintiff brings error.

*Judgment reversed; new trial awarded.*

*W. H. D. Preece,* for plaintiff in error.

HATCHER, JUDGE:

This is an action of unlawful entry and detainer, wherein John W. Newsom, plaintiff below, prosecutes error here, from an adverse judgment in the circuit court of Mingo county.

On Dec. 8, 1917, W. T. Meade and wife, as lessors, entered into a written contract, under seal, with the plaintiff as lessee, respecting the lease of forty acres on the Fork Ridge in said county. The contract recited that the lessee had cleared about eighteen acres on the forty acre tract; and that "both the lessors and the lessee have purchased and planted thereon 1800 fruit trees within the last four years * * * and the parties hereto desire to enter into a formal agreement defining their respective rights in relation to said land and orchard." The contract then granted to the lessee "The right to use and occupy all of said forty acres of land for such time as he may desire, upon the following terms and conditions: (a) He shall look after and care for the said orchard, cultivate the land, trim and spray the trees * * * keep up the fences and protect the orchard and other property on the land against the trespassing and damage from stock and is not to allow any one to occupy said premises except himself or the members of his immedi-

ate family, without the consent of the lessors." The contract also gave to the lessee the right to finish clearing the forty acre tract and to place improvements thereon. It provided for the payment of rental in the way of shares in the fruit and crops, and specified that in case of death of either the lessors or the lessee "the surviving representatives of the immediate family of either party shall have the benefit of this contract, so long as he or she may comply with the terms thereof."

By deed dated Apr. 3, 1923, W. T. Meade and wife conveyed to their son, the defendant herein, L. D. Meade, the forty acre tract. The defendant shortly afterwards moved on the tract. This suit was brought to oust him of possession.

The plaintiff testified that prior to the date of the contract he had purchased individually and planted on the forty acres 300 fruit trees; that from the date of the lease until the possession was taken by the defendant, he, the plaintiff, had looked after, cared for, trimmed and sprayed the trees, had fenced nearly all the tract and had protected the property from trespass from stock; had cultivated a portion of the cleared land each year and had paid or otherwise settled all the rent; that no one had been allowed to occupy the land except the sons of plaintiff; that the defendant had full information of the plaintiff's lease before securing his deed; that about Apr. 1, 1923, the plaintiff and his two sons were "clearing up and getting ready to plow" a portion of the leased land, when the defendant came "out there" and notified plaintiff of the deed and requested possession; that the plaintiff replied that possession would be given if he were paid for his claim on the place, and was told by defendant to "come down and we will try and settle"; that pending negotiations and without the assent of plaintiff, the defendant moved on the land; that nothing was paid plaintiff, and the defendant refused to restore possession.

The defendant made no denial of any statement of the plaintiff, but merely said that he told plaintiff he was going

to move in, that plaintiff did not object, and that his entry was peaceable.

No instructions were given for plaintiff, but the court gave two on behalf of defendant, which are as follows: "The Court instructs the jury that if you believe from the evidence in the case that the defendant, L. D. Meade, at the time of the purchase of the land in question did not know of the written contract between the plaintiff and W. T. Meade and wife, and that the deed from the said W. T. Meade and wife to the defendant L. D. Meade was recorded prior to the recordation of the contract or lease introduced in evidence by the plaintiff, then you will find for the defendant," and "The Court instructs the jury that if you believe from the evidence in the case that at the time the entry was made upon the land in question by the defendant that the same was vacant and that the said defendant entered the same peaceably and without violence or threats of violence, either by his behavior or speech, then you will find for the defendant.

The plaintiff testified that defendant knew of his lease. This statement was not traversed, and there is no evidence even tending to show that defendant did not know of it. It is error to give an instruction without some evidence to support it. *State* v. *Donahue,* 79 W. Va. 260; *State* v. *Barker,* 92 W. Va. 583.

At common law "When the lease is made to hold at the will of the lessee, this must also be at the will of the lessor." Coke, Litt. 55a. This rule was recognized in *Eclipse Oil Co.* v. *S. P. Oil Co.,* 47 W. Va. 84, and *Foundry Co.* v. *Lbr. Co.,* 73 W. Va. 479. But it has seemingly been limited by this court to estates conferred gratuitously or upon a nominal consideration. The lease in issue in the *Eclipse Oil Company* case was unilateral. "In that case the lessee had paid nothing, had done nothing and could not be made to do or pay anything," is the comment thereon in the later case of *Harness* v. *Oil Co.,* 49 W. Va. 232 (250). A further differentiation is made by Judge BRANNON in *Lovett* v. *Oil Co.,* 68 W. Va. 667 (670). "In the lease before us we find a valuable consider-

ation was' paid * * * the fact that a valuable consideration
was paid for such lease differs this case from the Elipse Oil
Company case.'' The lease in the Foundry Company case
was based on a nominal consideration and required only a
nominal rental. It was the customary tenancy at will.

Here the labor of plaintiff and his purchas'e of fruit trees
for the land were recognized by W. T. Meade as a valuable
consideration, giving the plaintiff a right (apparently under
some prior understanding between them) to the use of the
land. Planting the orchard appears to have been a joint
venture, which by the lease was entrusted to the plaintiff
to consummate. He had a present and substantial interest
in the place. His estate is therefore not a mere tenancy at
will, revocable at the pleasure of the lessors, but a freehold
estate, approximating a tenancy for life, determinable only
at his instance or upon his violation of the conditions and
terms of the lease. The common law rule in reference to
estates at will, therefore does not apply here. *Effinger* v.
*Lewis*, 32 Penn. 367; *Hurd* v. *Cushing* (Mass.) 7 Pick. 169;
*Folts* v. *Huntley* (N. Y.), 7 Wend. 210; *Sweetser* v. *McKin-
ney*, 65 Me. 225; *Ely* v. *Randall*, 68 Minn. 117; *Warner* v.
*Tanner*, 38 Ohio St. 118; *Delhi Sch. Dist.* v. *Everette*, 52
Mich. 314; *Lindlay* v. *Raydure*, 239 Fed. 928. In the case last
cited, after reviewing many authorities, the Federal court
concluded: ''The rule that unperformed contracts, optional
as to one party, are optional as to both, applies only to a
contract which is wholly executory, in that it consists of
mutual promises', each the consideration of the other, but
does not apply where a consideration is paid for an oil and
gas lease, which gives the lessee a present interest in the
right to explore for the mineral and a contingent interest
in the minerals discovered, though he has the privilege of
surrendering the lease at any time. The lessee under an oil
and gas lease for the term of ten years, and as much longer
as oil and gas should be produced in paying quantities,
with right to surrender the lease and be discharged from
liability thereon, the consideration for which lease had been
paid, was not a tenant at will, so that the doctrine that a

tenancy at will of one party is at the will of the other does not apply."

The lease herein was in full force in April, 1923, when the defendant took possession of the land. There had been no abandonment by plaintiff, neither did he consent to the re-entry of the owner. *Mitchell* v. *Carder,* 21 W. Va. 277. The fact that defendant found the house vacant and entered peaceably does not entitle him to hold the possession against the plaintiff. The plaintiff's term under the lease had not expired. *Chancey* v. *Smith,* 25 W. Va. 405. Therefore the second instruction is also erroneous.

The judgment of the lower court will accordingly be reversed and a new trial awarded the plaintiff.

*Judgment reversed; new trial awarded.*