## ROSSON v. BENNETT et al. (No. 502.)

Court of Civil Appeals of Texas. Waco. April 21, 1927.

1. Appeal and error ⬅⬆281(1), 719(1)—Fundamental error alone can be considered, where transcript contains no motion for new trial or assignment of error.

Where transcript contains neither motion for new trial nor assignment of error, only fundamental error can be considered.

2. Appeal and error ⬅⬆281(1), 719(1)—Claims that renewal provision of lease was not binding because unilateral and constituting perpetuity could be considered without motion for new trial or assignment of error (Const. Bill of Rights, § 26).

In suit to establish validity of oil and gas lease and set aside attempted forfeiture as cloud on title, claims of lessor on appeal that renewal provision of lease was unenforceable because unilteral, and that option to extend lease involved perpetuity, contrary to Const. Bill of Rights, § 26, *held* to raise issues of fundamental error which could be considered without motion for new trial or assignments of error.

3. Contracts ⬅⬆10(4)—Contract for option is "unilateral."

Contract for grant of option is "unilateral contract."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unilateral Contract.]

4. Mines and minerals ⬅⬆75—Right of renewal from year to year at specified rental given lessee under oil and gas lease held enforceable, where lessor received cash consideration.

Provision in oil and gas lease, given in consideration for cash payment, that lessee might renew lease from year to year after termination date by paying specified rental, *held* valid and enforceable.

5. Perpetuities ⬅⬆6(17)—Option to extend oil and gas lease from year to year by paying rental gave lessee vested right not involving perpetuity (Const. Bill of Rights, § 26).

Option given lessee under oil and gas lease to extend lease from year to year after termination date by paying specified rental *held* vested right, not involving perpetuity which Const. Bill of Rights, § 26, forbids.

Appeal from District Court, Limestone County; J. R. Bell, Judge.

---

⬅⬆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by Sam Bennett and others against A. E. Rosson. Judgment for plaintiffs, and defendant appeals. Affirmed.

Jos. H. Byers, of Mexia, for appellant.

A. K. Doss, of Ballinger, and C. S. Bradley, of Groesbeck, for appellees.

GALLAGHER, C. J. This suit was instituted by Sam Bennett and seven others, appellees herein, against A. E. Rosson, appellant herein, to establish the validity of a certain oil and gas lease and to set aside an attempted forfeiture thereof as a cloud upon their title to the minerals in and under the lands covered by said lease. Appellees alleged, in substance, that theretofore on July 23, 1919, appellant executed and delivered to them, for a cash consideration of $500, a certain oil and gas lease covering 25 acres of land in Limestone county, Tex.; that said lease was to continue for a term of three years from said date and as long thereafter as oil or gas should be produced from said land; that, in consideration thereof, lessees obligated themselves to pay to appellant a royalty of one-eighth of all the oil and gas produced and saved from said land; that said lease authorized appellees to sell and assign the same; that said lease provided, among other things, as follows:

"If no well be commenced on said land on or before the 23d day of July, 1922, this lease shall terminate as to both parties, unless the lessee, on or before that date, shall pay or tender to the lessor or the lessor's credit in the First State Bank at Coolidge, Tex., or its successors, which shall continue as the depository, regardless of changes in ownership of said land, the sum of one dollar per year *dollars*, which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date. In like manner and upon all like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively. And it is understood and agreed that the consideration first recited herein, the down payment, covers not only the privilege granted to the date when said first rental is payable as aforesaid, but the lessee's option of extending that period as aforesaid, and any and all other rights conferred." (Italics ours.)

They further alleged that the real understanding and agreement was that appellees should pay or tender to appellant the sum of $1 per acre per year as rental for the privilege of deferring commencement of a well as therein provided, and that the use of the word "dollars" instead of "per acre" was the result of a mutual mistake in preparing said lease contract. They further alleged that they had paid, and appellant had accepted, rentals at said rate as therein provided for each of the years beginning July 23, 1922 to 1924, inclusive; that on July 9, 1925, appellant announced his intention of refusing to receive or accept said stipulated rental for renewal of said lease, and had since that time continuously refused to receive or accept such rentals; that appellees tendered said rental for said year at the proper time and for each year thereafter prior to the institution of this suit; that appellant executed and caused to be recorded in the deed records of said county a declaration reciting that lessees had failed and refused to commence a well on said land and had failed and refused to pay the rentals provided for in said lease according to the terms and stipulations therein contained, and that said lease had for that reason been forfeited and become null and void. Appellees further alleged that for several months immediately preceding the filing of this suit there had been a great deal of activity by way of drilling and producing oil on lands in the immediate vicinity and within a few hundred feet of the land covered by said lease, and that, by reason thereof, said land had become of great value for oil and gas purposes. Appellees tendered in court rentals at the rate stipulated in said lease for the years beginning July 23d, 1925, and 1926, and prayed that they be quieted in their title to said lease and that the declaration of forfeiture so executed and recorded by appellant be canceled and removed as a cloud upon their title to said lease and the oil and gas under the land described therein.

The case was tried to the court, and judgment rendered reforming said lease so as to provide for the payment of $1 per acre for each annual renewal thereof, and declaring and adjudging said lease to be and remain in full force and effect and in no way or manner impaired by appellant's attempted forfeiture thereof. Said judgment canceled the declaration of forfeiture executed by appellant, and recorded as aforesaid and removed the same as a cloud upon appellees' title to the oil and gas under said land, and awarded to appellant the $50 deposited in court by appellees as rentals which had accrued during this controversy. Appellant presents said judgment to this court for review.

### Opinion.

[1] The transcript in this case contains neither motion for new trial nor assignment of error. Such being the case, only fundamental error can be considered. J. G. Smith Grain Co. v. Payne (Tex. Civ. App.) 290 S. W. 841, 842, and authorities there cited.

[2] Appellees' petition shows on its face that the specific term provided for in the lease declared on therein had expired at the time appellant attempted to forfeit the same. Said petition further shows that said lease contained a stipulation that, in event no well was commenced on said land before the expiration of said specific term, the time for commencing such well should be extended for one year, if appellees paid or tendered

the annual rental therein required for such extension, and that the annual payment or tender of such rental should extend the time for commencing a well for periods of one year each successively. The cause of action asserted in said petition is based upon an alleged compliance with this renewal provision. Appellant contends that said renewal provision is unenforceable, because it is unilateral, in that it attempts to bind him to accept such annual rentals and consent to a renewal of the lease for each such period successively, but does not bind appellees to pay such rentals. Appellant also contends that, since appellees' right under said provision to pay or tender such rentals from year to year and thereby secure an extension from year to year of the time allowed for commencing operations under said lease, is unlimited as to time, said provision is inhibited by section 26 of the Bill of Rights contained in our state Constitution, which declares that perpetuities are contrary to the genius of a free government and shall never be allowed. These contentions raise issues of fundamental error, and will therefore be considered.

[3, 4] Appellees alleged that said lease was granted in consideration of a cash payment of $500, and that it recited that such payment should cover not only the specific term of three years provided for the continuance thereof, but also the option of extending the same in the manner provided by said renewal provision. A contract for the grant of an option is necessarily unilateral. Its very purpose is to enable the grantee to exercise the particular right therein contracted for or not, as he may elect, and its value consists in that privilege. Said renewal provision being supported by a valuable consideration, it is valid and enforceable. Corsicana Petroleum Co. v. Owens, 110 Tex. 568, 571, 572, 222 S. W. 154; Northwestern Oil & Gas Co. v. Branine, 71 Okl. 107, 175 P. 533, 534, 535, 3 A. L. R. 344; Allegheny Oil Co. v. Snyder (C. C. A.) 106 F. 764, 766, 768.

[5] A lease very similar to the one here involved was considered by our Supreme Court in the case of Stephens County v. Mid-Kansas Oil & Gas Co.; 113 Tex. 160, 164, 254 S. W. 290, 29 A. L. R. 566 et seq. The court held that the effect of that lease was to convey to the grantees therein a determinable fee in the minerals in and under the land so leased, leaving in the grantor, his heirs or assigns, the possibility of reacquiring the absolute fee-simple title thereto upon the contingencies stipulated in the lease. The ultimate purpose of such leases is the production of oil and gas from the land covered thereby, and they usually contain a provision continuing them in full force as long as gas or oil is produced. Provisions therein for the periodic payment of the stipulated rentals are ordinarily regarded as temporary expedients to preserve the rights of the lessees pending the beginning of actual efforts toward development. The period allowed for commencing active operations in the lease considered by the court in Stephens County v. Mid-Kansas Oil & Gas Co., supra, after the single renewal stipulated for therein, was unlimited, but the court said that the effect of such provision was to extend such period for a reasonable time. The courts, so far as we have been able to discover, have uniformly held that a provision in oil and gas leases for successive extensions, after the expiration of the specific term, of the time for commencing operations for development, without limiting the number of such extensions, does not authorize unreasonable nor indefinite delay without the consent or acquiescence of the lessor. Wilson v. Reserve Gas Co., 78 W. Va. 329, 88 S. E. 1075, 1077, 1078, and authorities there cited; Allegheny Oil Co. v. Snyder (C. C. A.) 106 F. 764, 768; Johnson v. Armstrong, 81 W. Va. 399, 94 S. E. 753, 755; Todd v. Manufacturers' Light & Heat Co., 90 W. Va. 40, 110 S. E. 446, 448; Warren Oil & Gas Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698, 699, and authorities there cited. The possibility of reverter after a termination of the defeasible fee in the minerals granted by the lease under consideration remained vested in appellant, and is both inheritable and assignable. The rights acquired by appellees under said lease vested immediately and are by the express terms thereof made assignable. Stephens County v. Mid-Kansas Oil & Gas Co., supra; Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779. The rule against perpetuities does not apply in such cases. 30 Cyc. pp. 1472–1474, pars. 2, 3, and 4; 21 R. C. L. pp. 299, 300, § 23. While the lease considered by our Supreme Court in Stephens County v. Mid-Kansas Oil & Gas Co., supra, was not assailed on the ground that it created a perpetuity, the court held it valid and effective to convey a defeasible estate in the minerals in and under the land covered thereby. The rule against perpetuities has been invoked in other states in an attempt to defeat oil leases containing similar provisions without success. Wilson v. Reserve Gas Co., 78 W. Va. 329, 88 S. E. 1075, 1077; Johnson v. Armstrong, 81 W. Va. 399, 94 S. E. 753, 755; Todd v. Manufacturers' Light & Heat Co., 90 W. Va. 40, 110 S. E. 446, 447, 448. See, also, Thaw v. Gaffney, 75 W. Va. 229, 83 S. E. 983, 3 A. L. R. 495, and note page 498 et seq.; City of London v. Mitford, 14 Vesey, Jr., pp. 41, 50, et seq., and note; Hoff v. Royal Metal Furniture Co., 117 App. Div. 884, 103 N. Y. S. 371, 372, affirmed 189 N. Y. 555, 82 N. E. 1128.

The contentions so advanced by appellant are both without merit and are overruled.

The judgment of the trial court is affirmed.