JANIE CONLEY

*v.*

FRANK J. GAYLOCK

(No. 11029)

Submitted May 5, 1959.        Decided May 26, 1959.

*Glyn Dial Ellis,* for plaintiff in error.

*Naaman J. Aldredge,* for defendant in error.

CALHOUN, JUDGE:

This case is before this Court upon a writ of error to the judgment of the Circuit Court of Logan County, rendered on July 28, 1958, in an action of unlawful entry and detainer therein pending.

The basic question presented relates to the proper construction and legal effect of a purported lease in writing, dated February 1, 1957, whereby Janie Conley, hereinafter sometimes referred to as the "lessor", undertook to lease the real estate in question to Frank J. Gaylock, hereinafter sometimes referred to as the "lessee", for a monthly rental of $100.

The pertinent provisions of the lease agreement are as follows:

> "WITNESSETH: That for and in consideration of the rentals hereinafter provided to be paid, the said lessor has this day leased and let unto the lessee, subject to the terms and conditions hereinafter set forth, that certain piece or parcel of real estate located on Highway 119, leading from the City of Logan toward the City of Williamson, W. Va., and otherwise described as follows: bounded on one side by the Baisden Brothers Hardware Company, and bounded on the other side by The Economy Auto Sales Company, together with all buildings and improvements thereon, with exception of a barn situated on the property now occupied. This barn after being vacated by the present occupant on or about May 1, 1957, will come under the same general provisions as the other existing buildings.

> "The life of this lease shall be indefinite, being termintaed only by the lessees inability to pay the monthly rental, or his decision to move his business to another location. The date of beginning of this lease shall be the 1st day of Feb-

ruary, 1956, sic 1957, and continue as set forth above.

"The lessee agrees and binds himself to pay as rental of and for said premises and property herein leased the sum of One Hundred ($100.00) dollars per month. The lessor agrees and binds herself not *the* raise the monthly rental during the life of this lease.

"The lessor agrees to be liable for the premiums upon any insurance she elects to take out for the protection of the buildings thereon. The lessee agrees to be liable for any insurance premiums upon stock, equipment or any other type of insurance he elects to take out upon his possessions contained within the buildings.

"The lessee shall have the right to alter the buildings and premises in such manner as may be required to fit the needs of his business, at his expense.

"In event of fire or other casualty the lessee shall not be liable for any rental payment until the buildings are placed back into usable condition.

"It is specifically agreed to between the parties of this lease that the lessee shall have the right, and will construct a building or an addition to an existing building upon this property. The lessor agrees that the cost of such building will be returned to the lessee by a monthly deduction from the rental agreed upon equal to one-half of said rental, or $50.00 per month."

The lessee erected a building on the premises promptly after taking possession, at a cost, according to his testimony of $4,848.44. The building is designed to accommodate the lessee's service station and garage business.

On March 31, 1958, Janie Conley gave to Frank J. Gaylock a certain writing designated a "NOTICE TO TERMINATE TENANCY". Such written notice referred to the tenancy as one "from month to month", and notified the tenant to vacate the real estate in question "by midnight on the 30th day of April, 1958." The

tenant declined to vacate the property in response to the written notice, and in due time this action of unlawful entry and detainer was instituted. It was stipulated by counsel for the respective parties that the primary issue involved was one of law, and by agreement such issue was submitted to the court for hearing in lieu of a jury. In addition, each party to the action testified briefly, but the pertinent facts are not materially in conflict.

The controversy centers around the following provision of the lease: "The life of this lease shall be indefinite, being terminated only by the lessees inability to pay the monthly rental, or his decision to move his business to another location." The lessor contends that the lease is void *ab initio* because: (a) The duration thereof is indefinite; (b) it violates the rule against perpetuities; and (c) the rule against restraint upon alienation.

By an order entered on July 28, 1958, the lower court adjudged: "* * * that the Lease involved in the proceedings herein be considered a valid lease, duly executed between the parties, and that said lease created freehold estate approximating a tenancy for life, determinable at the instance of the Defendant or upon his violation of the conditions of the lease. It is, therefore, ordered that Defendant be awarded judgment, and possession of the premises be held by the Defendant and the writ of possession be denied to the Plaintiff."

"The rule against perpetuities requires that 'every executory limitation, in order to be valid, shall be so limited that it must necessarily vest, if at all, within a life or lives in being, ten months and twenty-one years thereafter, the period of gestation being allowed only in those cases in which it is a factor.' 1 Minor on Real Property (2nd Ed.), Section 809." *Brookover* v. *Grimm et al.*, 118 W. Va. 227, pt. 5 syl., 190 S. E. 697.

In the case of *Greene Line Terminal Company* v. *Martin*, 122 W. Va. 483, 10 S. E. 2d 901, a leasehold is described as follows: "A leasehold, separate from the fee

from which it has been carved, is property 'which the law recognizes as a thing of value, but is incorporeal and intangible in its nature'. *Dillon* v. *Bare & Carter*, 60 W. Va. 483, 490, 56 S. E. 390, 393. Consult: *Coal & Coke Co.* v. *Dillon*, 59 W. Va. 605, 53 S. E. 928. A leasehold is 'an estate in realty held under a lease.' *Hayes* v. *City of Atlanta*, 1 Ga. App. 25, 57 S. E. 1087, 1089." Whatever right the lessee obtained by virtue of the written lease agreement, whether termed "property", "a thing of value", or "an estate in realty", he obtained immediately upon the operative date of the lease. It was not a right or estate designed to "vest" or to become operative at a future date violative of the rule against perpetuities.

"The rule against perpetuities is not a rule of construction but is an arbitrary, absolute and fundamental canon to prevent indefinite control by a grantor or testator over the *devolution* of property." (Italics supplied). *Brookover* v. *Grimm et al.*, 118 W. Va. 227, pt. 4. syl., 190 S. E. 697.

> "A perpetuity is a future limitation, whether executory or by way of remainder, and either of real or personal property, which is not to vest until after the expiration of, or will not necessarily vest within, the period fixed and prescribed by law for the creation of future interests, and which is not destructible by the persons for the time being entitled to the property subject to the future limitation. In Bouvier's Law Dictionary, a perpetuity is defined to be any limitation tending to take the subject of it out of commerce for a longer period than a life or lives in being, and twenty-one years beyond; and in case of a posthumous child, a few months more, allowing for the term of gestation. Or it is such a limitation of property as renders it unalienable beyond the period allowed by law.
>
> "* * * But the rule against perpetuities has reference to the *time within which the interest vests* and is not concerned with the postponement of the enjoyment of such interest." (Italics supplied). 14 M. J., Perpetuities and

Restraints on Alienation, Sections 2 and 3, pages 396-398.

The lease in question being based upon a valuable consideration, it is no objection that the lessee alone has the option to continue its operation. "At common law a lease to be held at the will of the lessee, is taken to be held also at the will of the lessor. However, when a lessee has a present subsisting interest in leased property based on an adequate consideration, the common law rule does not apply, despite a provision in the lease that it may be surrendered at the pleasure of the lessee." *Newsom* v. *Meade,* 102 W. Va. 489, pt. 2 syl., 135 S. E. 604. The same question is annotated in a comprehensive note in 137 A. L. R., beginning at page 362. At page 375, the editors summarize the rule as follows: "By the weight of authority a lease is not rendered invalid, on the ground of lack of consideration or want of mutuality, solely by inclusion therein of a provision entitling one of the parties to terminate the lease, provided the consideration for the lease is otherwise sufficient, although not expressly referable to the option." Similarly, the rule is applied to oil and gas leases wherein the sole option to continue is accorded to the lessee; and such leases are held not to offend the rule against perpetuities. *Todd* v. *Manufacturers Light & Heat Co.,* 90 W. Va. 40, 110 S. E. 446; *Johnson* v. *Armstrong,* 81 W. Va. 399, 94 S. E. 753; *Lovett* v. *Eastern Oil Co.,* 68 W. Va. 667, 70 S. E. 707; Donley, Law of Coal, Oil and Gas in W. Va. and Va., Section 57, Page 70. Judge Brannon, in the case of *Lovett* v. *Eastern Oil Co.,* supra, points out that the rule requiring mutuality of the right to terminate leases at will does not apply to leases which are based upon a valuable consideration.

The case of *Thaw* v. *Gaffney,* 75 W. Va. 229, 83 S. E. 983, 3 A.L.R. 495, involved a lease strikingly similar to the one presently being considered, as is disclosed from the first point of the syllabus: "A lease under seal, containing the following covenant by the lessor: 'The said parties of the second part are to have said land for the

purpose of building thereon two dwelling houses and to have and to hold said land for and during the term of five years, or as much longer thereafter as the parties of the second part may elect to pay the parties of the first part the sum of fifty dollars ($50.00) per annum to be paid semi-annually in advance,' gives the lessee or his assignee the option to perpetuate the lease indefinitely by paying the stipulated annual rental in advance." In the body of the opinion the Court states: "A covenant to renew perpetually does not violate the rule against perpetuities. The landlord may convey his land notwithstanding his covenant, but the covenant passes with the land, and is binding on his assignee. 1 Taylor on Landlord and Tenant, sec. 262." The *Thaw* case is cited, apparently with approval, in *Wilson* v. *Reserve Gas Co.*, 78 W. Va. 329, 335, 88 S. E. 1075; *Johnson* v. *Armstrong*, 81 W. Va. 399, 404, 94 S. E. 753; *Todd* v. *Manufacturers Light & Heat Co.*, 90 W. Va. 40, 45, 110 S. E. 446; and *Lawson* v. *West Virginia Newspaper Publishing Co.*, 126 W. Va. 470, 475, 29 S. E. 2d 3. It is the subject of an annotation in 3 A.L.R. 498, wherein it is stated: "Save in a single instance (Morrison v. Rossignol (Cal.) infra), it has been generally held that perpetual leases and leases containing a covenant for perpetual renewal are not violative, either of the rule against perpetuities or of statutes limiting the period during which the absolute power of alienation may be suspended." Supplemental annotations of the same subject are found in 39 A.L.R. 279; 162 A.L.R. 1147; and 31 A.L.R. 2d 609.

The case of *Newsom* v. *Meade*, 102 W. Va. 489, 135 S. E. 604, involved the lease of real estate based upon a valuable consideration. The written lease agreement granted to the lessee: "The right to use and occupy all of said forty acres of land for such time as he may desire, upon the following terms and conditions: * * *." The lease was held to be valid. The second point of the syllabus is as follows: "At common law a lease to be held at the will of the lessee, is taken to be held also at the will of the lessor. However, when a lessee has a

present subsisting interest in leased property based on an adequate consideration, the common law rule does not apply, despite a provision in the lease that it may be surrendered at the pleasure of the lessee." In the body of the opinion, with reference to the rights of the lessee, the Court stated: "* * * He had a present and substantial interest in the place. His estate is therefore not a mere tenancy at will, revocable at the pleasure of the lessors, but a freehold estate, approximating a tenancy for life, determinable only at his instance or upon his violation of the conditions and terms of the lease. The common law rule in reference to estates at will, therefore does not apply here."

The Court holds, therefore, that the lease in question is not void or otherwise invalid or unenforceable because the duration thereof is indefinite or because the continuance thereof is left solely to the option of the lessee. The Court holds further that the lease does not violate the rule against perpetuities nor the rule relating to restraint upon alienation. Notwithstanding the lease, the lessor may alien or convey the real estate in question, but subject, of course, to the lease.

The lease agreement is clear and unambiguous in relation to its terms and provisions, and, therefore, testimony of the lessor by which she sought to explain or vary its terms was properly rejected by the trial court. *First Huntington National Bank* v. *Gideon-Broh Realty Co.*, 139 W. Va. 130, 79 S. E. 2d 675; *Shaffer* v. *Calvert Fire Insurance Co.*, 135 W. Va. 153, 62 S. E. 2d 699.

For reasons herein stated, the judgment of the Circuit Court of Logan County is affirmed.

*Affirmed.*