HARRY R. THOMAS AND CLARENCE W. MOORE, JR.

*v.*

JOHN E. GOODWIN

*and*

JOHN E. GOODWIN

*v.*

HARRY R. THOMAS, et al.

(No. 14084)

Decided May 27, 1980.

*Charles E. Hurt* for appellant.

*Andrew J. Goodwin* for appellees.

CAPLAN, JUSTICE:

This is an appeal from a final order in a declaratory judgment action instituted in the Circuit Court of Kanawha County by the appellees, Harry R. Thomas and Clarence W. Moore, Jr., to determine the validity of a lease. It was their position that by reason of a provision in the lease permitting the lessee to terminate the lease by giving a thirty-day notice, without a corresponding right to the lessor, said lease was void, or, at least became a month to month tenancy.

The appellant, John E. Goodwin, maintained that the lease was valid and instituted an action against Thomas and Moore, alleging that they destroyed the leased premises. These cases were consolidated in the trial court.

The appellees' position was sustained when the trial court granted their motion for summary judgment. We reverse and remand the case for further consideration.

On July 18, 1974 appellant Goodwin and Frank Morris and Ida Morris, his wife, entered into a lease agreement for a two-car garage located in West Charleston. The lease, prepared by lessee Goodwin's attorney, included the following two provisions:

> 4. To have and to hold the demised premises for a period of Fifteen (15) years commencing on the 18 day of July, 1974, and ending on the 18 day of July, 1989.
>
> 16. Lessee may terminate this lease by giving Lessor thirty (30) days notice thereof.

Sometime subsequent to the execution of the lease, Thomas and Moore began to negotiate with the lessors for the purchase of the subject property. During the negotiations they were fully informed of the lease of the premises to Mr. Goodwin. Also, the lease was properly recorded. The appellees, Thomas and Moore, nonetheless, purchased the property from Frank and Ida Morris and, when they could not successfully negotiate a settlement with Goodwin, the lessee, for the surrender of the lease, they instituted the declaratory judgment alluded to above.

In their complaint they alleged that, by reason of a clause in the lease "giving to the Lessee the right to terminate the purported lease at any time by giving Lessor thirty (30) days notice thereof", the lease was void for want of sufficient and adequate consideration. In the alternative they sought to have the lease declared to be a month to month tenancy or a tenancy at will. The defendant, John E. Goodwin, filed an answer alleging therein that the lease "was freely and voluntarily entered into; that the terms of said lease were fully and completely agreed upon before the same was signed, acknowledged and recorded; and that the plaintiffs acknowledged the validity of said lease to their predecessor in title."

Thereafter, Thomas and Moore filed a motion for summary judgment which motion was sustained. In its memorandum opinion the court found that paragraphs 4 and 16 were "completely and totally inconsistent and conflicting" and held both to be invalid. The court was of the opinion that to "obligate one party for 15 years and the other party for 30 days" was unconscionable. Judgment was entered accordingly and the appellant's motion to reconsider and set aside was denied.

Upon this appeal the appellant contends that the court erred in holding that the lessee's right of termination rendered the lease a month to month tenancy. The principal issue is whether the provision in the lease which permits the lessee to terminate the lease by giving the lessor a thirty-day notice thereof renders such lease void or creates a month to month tenancy.

The instant lease was properly executed for a definite term of years. Its provisions, other than the option to terminate upon a thirty-day notice to the lessor, were proper and were not the subject of objection. Our research reveals that such option to the lessee to terminate the lease upon a thirty-day notice to the lessor does not alone invalidate the lease or convert it to a tenancy at will.

Although this Court has not spoken on the specific issue raised on this appeal, we said in *Conley v. Gaylock*, 144 W. Va. 457, 108 S.E.2d 675 (1959), quoting Point 2 of the Syllabus of *Newsom v. Meade*, 102 W.Va. 489, 135 S.E. 604 (1926):

> At common law a lease to be held at the will of the lessee, is taken to be held also at the will of the lessor. However, when a lessee has a present subsisting interest in leased property based on an adequate consideration, the common law rule does not apply, despite a provision in the lease that it may be surrendered at the pleasure of the lessee.

The general rule, to which we adhere, is stated in 137 A.L.R. at page 375 as follows:

> By the weight of authority a lease is not rendered invalid, on the ground of lack of consideration or want of mutuality, solely by the inclusion therein of a provision entitling one of the parties to terminate the lease, provided the consideration for the lease is otherwise sufficient, although not expressly referable to the option.

Further reflecting the general rule are the following:

> Moreover, where a lease is for a definite term of years and complies with the formal requisites of such a term, it creates a tenancy for years and not a mere tenancy at will, even though it is made terminable at the option of the lessee ... 49 Am. Jur. 2d, *Landlord and Tenant*, Sec. 75.

> In general, the validity and effectiveness of an option given to only one of the parties and not matched by a similar or any option to terminate the lease on the part of the other party, is recognized, particularly if contained in a lease which purports to be for a definite term. 49 Am. Jur. 2d, *Landlord and Tenant*, Sec. 999.

In holding that the subject termination provision was unconscionable, the trial court cited *Ashland Oil, Inc. v. Donahue,* _____ W.Va. _____, 223 S.E.2d 433 (1976). That case is clearly distinguishable from the instant case. The transaction in *Ashland* involved a lease agreement and a dealer contract which, construed together, created an agreement involving the sale of goods under the Uniform Commercial Code (W.Va. Code, 1931, 46-2-102,105, as amended). The agreement gave the supplier, Ashland, the power to cancel on 10 days' written notice when, in its sole judgment, the dealer indulged in practices which tended to impair the quality, good name, good will or reputation of the product; but, gave the dealer the right to terminate only by notice not less than 60 days prior to the expiration of *any yearly* period. There, the Court said that "termination provisions of an agreement involving the sale of goods which, if applied strictly, are so one-sided as to lead to absurd results, will be declared unconscionable", Point 2, Syllabus. It found such absurd

results and declared the termination provisions to be unconscionable.

The instant case, unlike *Ashland*, involves a lease of property, not the sale of goods, and is not controlled by the Uniform Commercial Code. The trial court erroneously held that the lease agreement was unconscionable, there having been no showing that it was entered into as a result of oppressive or unfair conduct. As herein noted the thirty-day termination clause alone does not render the lease void or create a tenancy at will.

The appellees contend that the lease agreement having been prepared by the lessee's attorney, any controversy in relation thereto should be construed in favor of the lessor. In support of this position they cite and quote from *Moore v. Johnson Service Company*, ___ W.Va. ___, 219 S.E.2d 315 (1975). We are in agreement with the proposition of law pronounced in that case but find that case distinguishable. There, reflecting the general rule, the Court said in Point 6 of the Syllabus, "ambiguous or doubtful provisions of a lease agreement should be construed most strongly against the party who prepared the instrument." The key word which triggers this rule is "ambiguous", without which the plain meaning of the words are to be applied.

In this case there is no ambiguity in the language of the lease provisions brought into controversy. The term of the lease is for a definite term of years. In a separate, distinct and clearly expressed provision the lessee is given the right to terminate the lease by giving the lessor a thirty-day notice. There being no ambiguity, the rule that the lease will be construed most strongly against the party who prepared it is inapposite here. See 17 Am. Jur. 2d, *Contracts*, Sec. 276.

The trial court was in error in disposing of this case on a motion for summary judgment. If the theory of the court and the appellees was that the lessee took an unfair advantage of the lessors, the facts showing that should have been developed in a trial. The affidavits

submitted for the court's consideration were conflicting. The lessor, Frank Morris, submitted two affidavits, in one of which he said that he was aware of the 30-day termination provision, noting that he was advised thereof by his son and Mr. Goodwin. In the other, he asserted that he was unaware of such provision. Even if he had been unaware of the termination provision, that fact alone would not void the lease. If there is a showing of oppressive or unfair conduct by the lessee causing the lessors to execute the lease, some relief may be available. However, in the posture of this case no such showing had been made.

On motion for summary judgment a court cannot summarily try factual issues and may consider only facts which are not disputed or the dispute of which raises no substantial factual issue. *Wheeling Kitchen Equipment Co., Inc. v. R & R Sewing Center, Inc.*, 154 W.Va. 715, 179 S.E.2d 587 (1971); *Aetna Casualty & Surety Co. v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). Recently, this Court held in Point 1 of the Syllabus in *Masinter, etc. v. Webco Co.*, ___ W.Va. ___ 262 S.E.2d 433 (1980):

> Even if the trial judge is of the opinion to direct a verdict, he should nevertheless ordinarily hear evidence and, upon a trial, direct a verdict rather than try the case in advance on a motion for summary judgment.

See also, *Petros v. Kellas*, 146 W.Va. 619, 122 S.E.2d 177 (1961).

Concluding as we do that there was a genuine issue of a material fact—whether or not the lessor did have knowledge of the thirty-day termination provision when he signed the lease and if he did not, was there reason to void the lease—the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded for trial to permit the introduction of evidence for the resolution of the above factual issue.

*Reversed and remanded.*