# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 6, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS L. FARLEY and MARIE J. FARLEY,**
**Defendants Below, Petitioners**

**v.) No. 24-ICA-460**      (Cir. Ct. of Monroe Cnty. Case No. CC-32-2021-C-15)

**DAVID T. HAWKES and SYLVIA I. HAWKES,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioners Thomas L. Farley and Marie J. Farley appeal the October 23, 2024, order from the Circuit Court of Monroe County, which granted a motion by Respondents David T. Hawkes and Sylvia I. Hawkes for the circuit court to determine certain outstanding issues regarding an easement. Respondents filed a summary response in support of the circuit court's order.[1] Petitioners filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the record on appeal and the applicable law, we find that deficiencies in the record prevent this Court from engaging in a meaningful appellate review to determine whether there is a substantial question of law or prejudicial error. As explained below, a memorandum decision vacating the order on appeal and remanding this matter to the circuit court for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

The underlying facts of this case are sparse. However, based upon what can be gleaned from the record, on June 23, 2021, respondents filed an amended complaint in circuit court, alleging that they have a prescriptive easement over a roadway located on petitioners' property. The roadway leads to respondents' residence, associated acreage, and a turnaround area at the end of the roadway. On July 7, 2021, petitioners filed their answer, which included the response: "[Petitioners] have never contested the right-of-way, nor do they contest the right-of-way held by [respondents] to use the roadway that is the subject of this matter."

On August 19, 2024, the circuit court entered an order ("August Order") memorializing a hearing from June 4, 2024, wherein the parties represented to the court

---

[1] Petitioners are represented by R. Brandon Johnson, Esq. Respondents are represented by Barry L. Bruce, Esq.

1

that they had resolved all issues in the case except for the metes and bounds of the right of way and turnaround area, and its maintenance. The August Order set forth the parties' agreement as follows:

1. [Respondents] have a prescriptive easement over [petitioners'] property on the existing roadway to [respondents'] property.

2. That the turn-around area located on the right side of the roadway and just before crossing the bridge over Dropping Lick Creek shall be a turnaround area for trucks or vehicles using [respondents'] property or delivering items to [respondents].

3. The parties agree to take no action or cause any action to block or impede the other parties to this action from the full use and enjoyment of their property (more specifically the Dropping Lick area at the confluence of Indian Creek), or the roadway in question.

4. Further, the parties acknowledge the need to implement a Road Maintenance Agreement which the parties agreed was ancillary to the Agreement set for the hereinabove.

5. That the parties also acknowledge that they need to place the exact location, width and length of the roadway and turnaround area on a map.

6. Both parties agreed and testified, on the record, that this was, in fact, their agreement.

On October 17, 2024, respondents filed a motion for the circuit court to "set the width and length of the right of way and turnaround area and maintenance of same." In that motion, respondents stated that the parties had not been able to come to an agreement regarding the road's maintenance or the metes and bounds of the right of way and turnaround as set forth by the August Order. As relief, respondents sought an order:

1. That [respondents'] prescriptive easement is the width and length of the David Holz survey, including turnaround area, as previously submitted to this Court.

2. That the [c]ourt find and rule that [respondents] have been maintaining this subject prescriptive easement since the time they first purchased their property in 1972, and they may continue maintaining said easement as necessary in order to maintain its width, length and turnaround area.

2

3. That the [c]ourt find and rule that [petitioners] purchased their property in 1998, at least 25 years after [respondents] purchased their property, and the record shows there was no dispute over any right of way until 2018, at which time the [petitioners] first complained of any right of way issues, including maintenance of said right of way by [respondents].

4. The [c]ourt rule [petitioners] or their grantees, cease and desist from interfering or impeding any maintenance [respondents] undertake on the subject prescriptive easement to maintain its length, width, and turnaround area, including replenishing gravel when and where needed.

5. The [c]ourt rule [that] [petitioners] cease and desist from any actions that hinder or interrupt the [respondents'] use of said prescriptive easement.

On October 23, 2024, the circuit court entered the order presently on appeal, which was prepared by respondents' counsel and states in its entirety:

WHEREFORE, after reviewing the Plaintiffs' Motion in this matter, the Court hereby GRANTS the Plaintiffs' Motion and ORDERS as follows:

1. [Respondents'] prescriptive easement shall be the width and length, including the turnaround area, of the David Holz survey as previously submitted to this Court. See Exhibits 1 and 2.

2. [Petitioners] or their grantees shall cease and desist from interfering or impeding any maintenance [respondents] undertake on the subject prescriptive easement to maintain its length and width, including replenishing gravel when and where needed, and will provide [petitioners] at least 48 hours notice of graveling by posting a notice at the entrance of the right of way on an at least 18" x 18" sign.

3. [Respondents'] prescriptive easement extends to the turnaround area, and [petitioners] or their grantees shall cease and desist from interfering or impeding any maintenance [respondents] undertake on the subject turnaround, including replacing gravel as needed. [Respondents], per their agreement, shall absorb the cost of gravel maintenance by [respondents].

3

This appeal followed[2] to which we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

On appeal, petitioners argue that the circuit court's October 23, 2024, order lacks sufficient findings of fact and conclusions of law. We agree.

With respect to the sufficiency of the circuit court's order, petitioners contend that the order lacks sufficient findings of fact and conclusions of law. They argue that while it is undisputed that an easement exists, the August Order plainly states that the parties agreed that there are still outstanding questions regarding the metes and bounds and width of the easement. On this issue, petitioners maintain that there are competing expert surveys which created unresolved genuine issues of material fact. Conversely, respondents assert that the August Order established the existence of the easement, and that when the circuit court ruled upon respondents' motion, it had previously viewed the property in person, had knowledge of the frequent flooding in the area, as well as the benefit of the competing surveys. Respondents maintain that their expert survey was clearly the controlling survey in the case, and that petitioners failed to overcome summary judgment. However, we find that respondents' arguments are subjective, in that they postulate factual determinations for disputed matters, which by virtue of the August Order detailing the parties' partial settlement agreement, are not sufficiently developed in the record. Therefore, respondents' arguments are without merit. Instead, we agree with petitioners and for the reasons set forth below, conclude that the circuit court's order below is inadequate.

We begin by noting that the parties frame respondents' motion as one for summary judgment; yet we cannot find the slightest indication within the four corners of the motion or the circuit court's order to establish that the motion was made or decided pursuant to Rule 56 of the West Virginia Rules of Civil Procedure. Nevertheless, even if the motion properly fell within the purview of Rule 56, we conclude that deficiencies in the circuit court's order require returning the matter for further development below.

---

[2] On October 28, 2024, petitioners filed a motion seeking a stay and reconsideration of the circuit court's October 23, 2024, order. The circuit court entered an order denying petitioners' motion on October 29, 2024, without substantively addressing petitioners' request for reconsideration. However, this omission by the circuit court has no bearing on our disposition of this appeal.

"On a motion for summary judgment the court cannot summarily try factual issues and may consider only facts which are not disputed or the dispute of which raises no substantial factual issue." Syl. Pt. 3, *Thomas v. Goodwin*, 164 W. Va. 770, 266 S.E.2d 792 (1980). "The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Moreover, "a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed." Syl. Pt. 3, in part, *Fayette Cnty. Nat'l Bank v. Lilly*, 199 W. Va. 349, 484 S.E.2d 232 (1997), *overruled on other grounds by Sostaric v. Marshall*, 234 W. Va. 449, 766 S.E.2d 396 (2014). Here, the circuit court merely adopted respondents' proposed order, which purports to decide disputed factual issues without offering even a mere scintilla of the determinative facts and legal analysis the circuit court believed were relevant to its decision. As such, to the extent the court's order was intended to be a determination pursuant to Rule 56, we conclude it is insufficient to effectuate a proper ruling for summary judgment.

We also conclude that the circuit court's order is insufficient when viewed as a final order. Pursuant to Rule 52(a) of the West Virginia Rules of Civil Procedure, "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon[.]"[3] It is well established that the requirements of Rule 52(a) are mandatory:

> Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance.

Syl. Pt. 1, *Commonwealth Tire Co. v. Tri-State Tire Co.*, 156 W. Va. 351, 193 S.E.2d 544 (1972). Moreover,

> This Court has found, in various contexts, that meaningful appellate review of the decision of a lower court sitting without a jury may occur only when specific findings of fact and conclusions of law are contained in the appellate record. Without findings of fact and conclusions of law, this Court is unable to determine the basis for the court's decision and whether any error has

---

[3] The circuit court's proceedings were governed by the version of Rule 52 adopted by the Supreme Court of Appeals of West Virginia in 1998. While Rule 52 was amended by the Court, effective January 1, 2025, no changes were made that affect this appeal.

5

occurred. Consequently, in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur.

*Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010) (citations and quotations omitted).

In this matter, the circuit court made final determinations on the outstanding issues in the case according to the August Order. However, the circuit court erred by neglecting its obligation to enter a final order with findings of facts and conclusions of law that would be sufficient for appellate review. Therefore, we must vacate the circuit court's order and remand the matter with directions for the circuit court to hold further proceedings upon which a detailed ruling on these disputed factual issues can be made.

Accordingly, we vacate the circuit court's October 23, 2024, order and remand this matter to the circuit court with directions to hold further proceedings to develop an appropriate record and thereafter enter an order with findings of facts and conclusions of law sufficient for meaningful appellate review, consistent with this decision.[4]

Vacated and Remanded with Directions.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[4] Having decided this issue on other grounds, we will not address petitioners' remaining assignment of error that they were denied a meaningful opportunity to be heard on respondents' October 17, 2024, motion.